ALLMTN,APPEAL,TERMED

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:13–cv–02469–RM–MJW

Hatlee et al v. Hardey et al
Assigned to: Judge Raymond P. Moore
Referred to: Magistrate Judge Michael J. Watanabe
Cause: 42:1983 Civil Rights Act

Date Filed: 09/10/2013
Date Terminated: 02/11/2016
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Randall J. Hatlee**                    represented by **Brice A. Tondre**
                                         Brice A. Tondre, P.C.
                                         215 South Wadsworth Boulevard
                                         #500
                                         Lakewood, CO 80226–1566
                                         303–296–3300
                                         Fax: 303–238–5310
                                         Email: briceatondrepc@msn.com
                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ronald L. Swift**                      represented by **Brice A. Tondre**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cindy Hardey**                         represented by **Andrea M. Bronson**
*TERMINATED: 02/05/2016*                 Fowler, Schimberg &Flanagan, P.C.
                                         1640 Grant Street
                                         Suite 150
                                         Denver, CO 80203
                                         303–298–8603
                                         Email: a_bronson@fsf–law.com
                                         *TERMINATED: 06/23/2014*

                                         **Andrew R. McLetchie**
                                         Fowler, Schimberg &Flanagan, P.C.
                                         1640 Grant Street
                                         Suite 150
                                         Denver, CO 80203
                                         303–298–8603
                                         Fax: 303–298–8748
                                         Email: a_mcletchie@fsf–law.com
                                         *ATTORNEY TO BE NOTICED*

**Joel James Fulton**
Fowler, Schimberg &Flanagan, P.C.
1640 Grant Street
Suite 150
Denver, CO 80203
303–285–9319
Email: J_Fulton@fsf–law.com
*ATTORNEY TO BE NOTICED*

**Timothy Peter Schimberg**
Fowler, Schimberg &Flanagan, P.C.
1640 Grant Street
Suite 150
Denver, CO 80203
303–298–8603
Fax: 303–298–8748
Email: t_schimberg@fsf–law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bobbi Priestly**                          represented by   **Andrea M. Bronson**
*TERMINATED: 02/05/2016*                                    (See above for address)
                                                            *TERMINATED: 06/23/2014*

                                                            **Andrew R. McLetchie**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joel James Fulton**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Timothy Peter Schimberg**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Monte Gore**                              represented by   **Andrea M. Bronson**
*TERMINATED: 02/05/2016*                                    (See above for address)
                                                            *TERMINATED: 06/23/2014*

                                                            **Andrew R. McLetchie**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joel James Fulton**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Timothy Peter Schimberg**
                                                            (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**Fred Wegener**
*TERMINATED: 02/05/2016*

represented by   **Andrea M. Bronson**
(See above for address)
*TERMINATED: 06/23/2014*

**Andrew R. McLetchie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel James Fulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Peter Schimberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ashleigh Olds**
*TERMINATED: 09/29/2015*

represented by   **Adam Joseph Goldstein**
White &Steele, P.C.
600 17th Street
Dominion Towers
Suite 600N
Denver, CO 80202−5406
303−296−2828
Fax: 303−296−3131
Email: agoldstein@wsteele.com
*ATTORNEY TO BE NOTICED*

**John M. Lebsack**
White &Steele, P.C.
600 17th Street
Dominion Towers
#600N
Denver, CO 80202−5406
303−296−2828
Fax: 303−296−3131
Email: jlebsack@wsteele.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/10/2013 | 1 | | COMPLAINT against All Defendants (Filing fee $ 400, Receipt Number 1082−3527796), filed by Randall J. Hatlee, Ronald L. Swift. (Attachments: # 1 Civil Cover Sheet)(Tondre, Brice) (Entered: 09/10/2013) |
| 09/10/2013 | 2 | | |

| | | | |
|---|---|---|---|
| | | | Case assigned to Judge Raymond P. Moore and drawn to Magistrate Judge Michael J. Watanabe. Text Only Entry (dbera, ) (Entered: 09/10/2013) |
| 09/10/2013 | 3 | | Magistrate Judge Consent Form issued. (dbera, ) (Entered: 09/10/2013) |
| 09/11/2013 | 4 | | ORDER REFERRING CASE to Magistrate Judge Michael J. Watanabe. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, and (4) conduct a pretrial conference and enter a pretrial order. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Entered by Judge Raymond P. Moore on 9/11/2013. (Text Only Entry) (rmsec ) (Entered: 09/11/2013) |
| 09/11/2013 | 5 | | ORDER Setting Scheduling/Plannign Conference. Scheduling/Planning Conference is set for 11/4/2013 at 10:00 AM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. By Magistrate Judge Michael J. Watanabe on 09/11/13. (alvsl) (Entered: 09/11/2013) |
| 09/12/2013 | 6 | | SUMMONS REQUEST as to Diedrich, Gore, Priestly, Wegener, Hardey by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons)(Tondre, Brice) (Entered: 09/12/2013) |
| 09/13/2013 | 7 | | SUMMONS issued by Clerk. Magistrate Judge Consent Form previously issued at 3 . (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons) (alvsl) (Entered: 09/13/2013) |
| 10/10/2013 | 8 | | Unopposed MOTION to Reset *Scheduling Conference* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 10/10/2013) |

| 10/10/2013 | 9 | | MEMORANDUM regarding 8 Unopposed MOTION to Reset Scheduling Conference filed by Randall J. Hatlee, Ronald L. Swift. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 10/10/2013. (Text Only Entry) (rmsec ) (Entered: 10/10/2013) |
| --- | --- | --- | --- |
| 10/10/2013 | 10 | | MINUTE ORDER granting 8 Motion to Reset. Scheduling Conference is now set for 11/21/2013 01:30 PM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. by Magistrate Judge Michael J. Watanabe on 10/10/2013. (trlee, ) (Entered: 10/10/2013) |
| 10/15/2013 | 11 | | MOTION to Dismiss Party by Defendant Ashleigh Olds Diedrich. (Attachments: # 1 Proposed Order (PDF Only))(Lebsack, John) (Entered: 10/15/2013) |
| 10/15/2013 | 12 | | MOTION to Amend/Correct/Modify *a Name Change* by Defendant Ashleigh Olds Diedrich. (Attachments: # 1 Proposed Order (PDF Only))(Lebsack, John) (Entered: 10/15/2013) |
| 10/17/2013 | 13 | | Unopposed MOTION to Reset *Scheduling Conference* by Defendant Ashleigh Olds Diedrich. (Attachments: # 1 Proposed Order (PDF Only))(Lebsack, John) (Entered: 10/17/2013) |
| 10/17/2013 | 14 | | MEMORANDUM regarding 13 Unopposed MOTION to Reset Scheduling Conference filed by Ashleigh Olds Diedrich. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 10/17/2013. (Text Only Entry) (rmsec ) (Entered: 10/17/2013) |
| 10/17/2013 | 15 | | MINUTE ORDER granting 13 Motion to Reset. Scheduling Conference is now set for 12/3/2013 11:00 AM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. by Magistrate Judge Michael J. Watanabe on 10/17/2013.(trlee, ) (Entered: 10/17/2013) |
| 10/18/2013 | 16 | | NOTICE of Entry of Appearance *of Timothy P. Schimberg* by Timothy Peter Schimberg on behalf of Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener (Schimberg, Timothy) (Entered: 10/18/2013) |
| 10/18/2013 | 17 | | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Proposed Order (PDF Only))(Schimberg, Timothy) (Entered: 10/18/2013) |

| 10/18/2013 | 18 | | NOTICE of Entry of Appearance *of Andrea M. Bronson* by Andrea M. Bronson on behalf of Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener (Bronson, Andrea) (Entered: 10/18/2013) |
|---|---|---|---|
| 10/21/2013 | 19 | | ORDER granting 12 Motion to Amend/Correct/Modify. Caption of the case on all future pleadings shall be changed to replace Ashleigh Olds Diedrich with Ashleigh Olds. SO ORDERED by Judge Raymond P. Moore on 10/21/2013. (Text Only Entry)(rmsec ) (Entered: 10/21/2013) |
| 10/21/2013 | 20 | | ORDER granting 17 Motion for Extension of Time to Answer or Otherwise Respond (All Defendants). Defendants shall have up to and including Tuesday, November 5, 2013, by which to move or otherwise respond to the Complaint. SO ORDERED by Judge Raymond P. Moore on 10/21/2013. (Text Only Entry)(rmsec ) (Entered: 10/21/2013) |
| 11/01/2013 | 21 | | BRIEF in Opposition to 11 MOTION to Dismiss Party filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 11/01/2013) |
| 11/01/2013 | 22 | | AMENDED COMPLAINT *and Jury Demand* against All Plaintiffs, filed by Randall J. Hatlee, Ronald L. Swift.(Tondre, Brice) (Entered: 11/01/2013) |
| 11/07/2013 | 23 | | CERTIFICATE *of Review* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 11/07/2013) |
| 11/15/2013 | 24 | | REPLY to Response to 11 MOTION to Dismiss Party filed by Defendant Ashley Olds. (Lebsack, John) (Entered: 11/15/2013) |
| 11/15/2013 | 25 | | MOTION for Extension of Time to *Respond to Amended Complaint* by Defendant Ashley Olds. (Attachments: # 1 Proposed Order (PDF Only))(Lebsack, John) (Entered: 11/15/2013) |
| 11/15/2013 | 26 | | ANSWER to 1 Complaint by Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener.(Schimberg, Timothy) (Entered: 11/15/2013) |
| 11/18/2013 | 27 | | ORDER denying 25 Motion for Extension of Time. Motion will granted upon compliance with Local Rule 6.1.E. and Court's Practice Standards IV.E.2. SO ORDERED by Judge Raymond P. Moore on 11/18/2013. (Text Only Entry)(rmsec ) (Entered: 11/18/2013) |
| 11/18/2013 | 28 | | ORDER denying as moot 11 Motion to Dismiss |

| | | | |
|---|---|---|---|
| | | | Party. by Judge Raymond P. Moore on 11/18/2013.(trlee, ) (Entered: 11/18/2013) |
| 11/18/2013 | 29 | | MOTION to Amend/Correct/Modify 27 Order on Motion for Extension of Time. 25 MOTION for Extension of Time to *Respond to Amended Complaint* by Defendant Ashley Olds. (Attachments: # 1 Proposed Order (PDF Only))(Lebsack, John) (Entered: 11/18/2013) |
| 11/18/2013 | 30 | | ORDER granting 29 Motion to Amend/Correct/Modify. SO ORDERED by Judge Raymond P. Moore on 11/18/2013. (Text Only Entry)(rmsec ) (Entered: 11/18/2013) |
| 11/19/2013 | 31 | | MOTION to Dismiss Party *from Amended Complaint* by Defendant Ashley Olds. (Attachments: # 1 Proposed Order (PDF Only))(Lebsack, John) (Entered: 11/19/2013) |
| 11/26/2013 | 32 | | Proposed Scheduling Order by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 11/26/2013) |
| 12/03/2013 | 33 | | COURTROOM MINUTES/MINUTE ORDER for proceedings held before Magistrate Judge Michael J. Watanabe: Scheduling Conference held on 12/3/2013. Discovery due by 6/30/2014. Dispositive Motions due by 7/31/2014. Proposed Pretrial Order due by 9/24/2014. Final Pretrial Conference set for 10/1/2014 09:00 AM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. Court Reporter: FTR – Ellen E. Miller. FTR: Courtroom A502. (mjwcd) (Entered: 12/03/2013) |
| 12/03/2013 | 34 | | SCHEDULING ORDER: Entered by Magistrate Judge Michael J. Watanabe on 12/3/2013. (mjwcd) (Entered: 12/03/2013) |
| 12/10/2013 | 35 | | BRIEF in Opposition to 31 MOTION to Dismiss Party *from Amended Complaint* filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 12/10/2013) |
| 12/20/2013 | 36 | | REPLY to Response to 31 MOTION to Dismiss Party *from Amended Complaint* filed by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 12/20/2013) |
| 03/20/2014 | 37 | | UNOPPOSED MOTION to Amend/Correct/Modify Scheduling Order by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) Modified on 3/20/2014 to correct text (trlee, ). (Entered: 03/20/2014) |

| 03/20/2014 | 38 | | MEMORANDUM regarding 37 Third Party MOTION to Amend/Correct/Modify Scheduling Order filed by Randall J. Hatlee, Ronald L. Swift. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 3/20/2014. (Text Only Entry) (rmsec ) (Entered: 03/20/2014) |
| 03/21/2014 | 39 | | MINUTE ORDER granting 37 plaintiffs' Unopposed Motion to Modify Scheduling Order. Scheduling Order 34 is amended. Discovery due by 8/29/2014. Dispositive Motions due by 9/30/2014. Final Pretrial Conference 10/1/2014 09:00 AM is vacated. Proposed Pretrial Order due by 11/18/2014. Final Pretrial Conference reset for 11/25/2014 10:00 AM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. By Magistrate Judge Michael J. Watanabe on 3/21/2014.(emill) (Entered: 03/21/2014) |
| 06/20/2014 | 40 | | NOTICE *of Withdrawal of Andrea M. Bronson as Counsel for Defendants Cindy Hardey, Bobbi Priestly, Monte Gore and Fred Wegener* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener (Bronson, Andrea) (Entered: 06/20/2014) |
| 06/20/2014 | 41 | | MOTION to Withdraw as Attorney *by Andrea M. Bronson for Defendants Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Proposed Order (PDF Only))(Bronson, Andrea) (Entered: 06/20/2014) |
| 06/20/2014 | 42 | | MEMORANDUM regarding 41 MOTION to Withdraw as Attorney by Andrea M. Bronson for Defendants Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener filed by Cindy Hardey, Monte Gore, Fred Wegener, Bobbi Priestly. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 6/20/2014. (Text Only Entry) (rmsec ) (Entered: 06/20/2014) |
| 06/23/2014 | 43 | | MINUTE ORDER granting 41 Motion to Withdraw as Attorney. Attorney Andrea M. Bronson terminated. By Magistrate Judge Michael J. Watanabe on 6/23/2014.(trlee, ) (Entered: 06/23/2014) |
| 08/19/2014 | 44 | | Unopposed MOTION for Order to *Modify Scheduling Order* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 08/19/2014) |

| 08/20/2014 | 45 | | MEMORANDUM regarding 44 Unopposed MOTION for Order to *Modify Scheduling Order* filed by Randall J. Hatlee, Ronald L. Swift. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 8/20/2014. Text Only Entry (cpear) (Entered: 08/20/2014) |
| 08/20/2014 | 46 | | MINUTE ORDER granting 44 Unopposed Motion to Modify Scheduling Order, by Magistrate Judge Michael J. Watanabe on 8/20/2014. Discovery due by 10/31/2014. Dispositive Motions due by 12/1/2014. Proposed Pretrial Order due on or before 1/20/2015. Final Pretrial Conference set for 1/26/2015 09:30 AM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. (slibi, ) (Entered: 08/20/2014) |
| 10/30/2014 | 47 | | Unopposed MOTION for Extension of Time to *Extend Discovery Cutoff for Limited Purpose* by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 10/30/2014) |
| 10/30/2014 | 48 | | MEMORANDUM regarding 47 Unopposed MOTION for Extension of Time to *Extend Discovery Cutoff for Limited Purpose* filed by Ashleigh Olds. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 10/30/2014. (Text Only Entry) (rmsec ) (Entered: 10/30/2014) |
| 10/30/2014 | 49 | | MINUTE ORDER granting 47 Unopposed Motion by Defendant Olds to Extend Discovery Cutoff For Limited Purpose. Scheduling Order 34 is amended to extend the discovery cutoff to 11/30/2014 for the sole purpose of finishing the deposition of Dr. Jena Questen and conducting the depositions of Martin Van Poolen, Kirsten LeBeau, Chet Lawrence, and Peter Petlach. All other discovery shall be completed by 10/31/2014. Discovery, as specified, due by 11/30/2014. By Magistrate Judge Michael J. Watanabe on 10/30/2014.(emill) (Entered: 10/30/2014) |
| 11/14/2014 | 50 | | MOTION for Order to *Set Settlement Conference* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 11/14/2014) |
| 11/17/2014 | 51 | | ORDER granting 50 Motion for settlement conference. Magistrate Judge Watanabe is authorized to conduct a settlement conference in this case. By Judge Raymond P. Moore on 11/17/2014.(tscha, ) (Entered: 11/17/2014) |
| 11/17/2014 | 52 | | MINUTE ORDER Settlement Conference set for |

| | | | |
|---|---|---|---|
| | | | 1/7/2015 01:30 PM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. Deadline to submit Confidential Settlement Statements 12/30/2014, as set forth in the order, by Magistrate Judge Michael J. Watanabe on 11/17/2014. (emill) (Entered: 11/17/2014) |
| 11/18/2014 | 53 | | MINUTE ORDER Settlement Conference 1/7/2015 01:30 PM is vacated. Settlement Conference reset for 1/22/2015 01:30 PM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. Deadline to submit settlement statements is 1/15/2015. By Magistrate Judge Michael J. Watanabe on 11/18/2014. (emill) (Entered: 11/18/2014) |
| 11/20/2014 | 54 | | Unopposed MOTION to Amend/Correct/Modify 46 Order on Motion for Order, *to Extend Dispositive Motion Deadline* by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 11/20/2014) |
| 11/20/2014 | 55 | | MEMORANDUM regarding 54 Unopposed MOTION to Amend/Correct/Modify 46 Order on Motion for Order, *to Extend Dispositive Motion Deadline* filed by Ashleigh Olds. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 11/20/2014. (Text Only Entry) (rmsec ) (Entered: 11/20/2014) |
| 11/20/2014 | 56 | | MINUTE ORDER granting 54 Unopposed Motion by Defendant Olds to Extend Dispositive Motion Deadline, by Magistrate Judge Michael J. Watanabe on 11/20/2014. Dispositive Motions Deadline is extended to 12/15/2014. (slibi, ) (Entered: 11/20/2014) |
| 11/24/2014 | 57 | | Unopposed MOTION for Extension of Time to *Extend Dispositive Motion Deadline* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Proposed Order (PDF Only))(Schimberg, Timothy) (Entered: 11/24/2014) |
| 11/24/2014 | 58 | | MEMORANDUM regarding 57 Unopposed MOTION for Extension of Time to *Extend Dispositive Motion Deadline* filed by Cindy Hardey, Monte Gore, Fred Wegener, Bobbi Priestly. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 11/24/2014. (Text Only Entry) (rmsec ) (Entered: 11/24/2014) |
| 11/24/2014 | 59 | | MINUTE ORDER granting 57 Park County Defendants' Unopposed Motion to Extend Dispositive Motion Deadline. Scheduling Order 34 is amended. Dispositive Motions as to all parties due by 12/15/2014. By Magistrate Judge Michael J. |

| | | | |
|---|---|---|---|
| | | | Watanabe on 11/24/2014.(emill) (Entered: 11/24/2014) |
| 12/15/2014 | 60 | | NOTICE of Entry of Appearance by Adam Joseph Goldstein on behalf of Ashleigh OldsAttorney Adam Joseph Goldstein added to party Ashleigh Olds(pty:dft) (Goldstein, Adam) (Entered: 12/15/2014) |
| 12/15/2014 | 61 | | MOTION for Summary Judgment by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 12/15/2014) |
| 12/15/2014 | 62 | | STATEMENT re 61 MOTION for Summary Judgment *of Undisputed Material Facts* by Defendant Ashleigh Olds. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M Part 1, # 14 Exhibit M Part 2, # 15 Exhibit M Part 3, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R, # 21 Exhibit S, # 22 Exhibit T, # 23 Exhibit U, # 24 Exhibit V)(Lebsack, John) (Entered: 12/15/2014) |
| 12/15/2014 | 63 | | MOTION for Judgment on the Pleadings *Pursuant to Fed.R.Civ.P. 12(c) re Plaintiffs' Official Capacity Claims* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Schimberg, Timothy) (Entered: 12/15/2014) |
| 12/15/2014 | 64 | | MOTION for Summary Judgment *re Plaintiffs' Third Claim for Relief* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Exhibit A, # 2 Separate Statement of Undisputed Material Facts)(Schimberg, Timothy) (Entered: 12/15/2014) |
| 12/15/2014 | 65 | | MOTION for Summary Judgment *re Individual Capacity Claims* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Separate Statement of Undisputed Facts)(Schimberg, Timothy) (Entered: 12/15/2014) |
| 12/15/2014 | 66 | | MOTION for Partial Summary Judgment *re Damages* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit |

| | | | |
|---|---|---|---|
| | | | L, #12 Exhibit M, #13 Exhibit O, #14 Exhibit P, #15 Exhibit Q, #16 Exhibit R, #17 Exhibit S, #18 Exhibit T, #19 Separate Statement of Undisputed Material Facts)(Schimberg, Timothy) (Entered: 12/15/2014) |
| 01/03/2015 | 67 | | BRIEF in Opposition to 61 MOTION for Summary Judgment filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: #1 Exhibit 1 through 5, #2 Exhibit 6 through 10, #3 Exhibit 11 through 15, #4 Exhibit 16 through 20, #5 Exhibit 21 through 25, #6 Exhibit 26 through 28, #7 Exhibit 29 through 31)(Tondre, Brice) (Entered: 01/03/2015) |
| 01/03/2015 | 68 | | BRIEF in Opposition to 66 MOTION for Partial Summary Judgment re Damages filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: #1 Exhibit Exhibits 1 through 5, #2 Exhibit Exhibits 6 through 10, #3 Exhibit Exhibits 11 through 15, #4 Exhibit Exhibits 16 through 20, #5 Exhibit Exhibits 21 through 25, #6 Exhibit Exhibits 26 through 28, #7 Exhibit Exhibits 29 through 31, #8 Exhibit Exhibits 32 through 33, #9 Exhibit Exhibits 34 through 36)(Tondre, Brice) (Entered: 01/03/2015) |
| 01/03/2015 | 69 | | BRIEF in Opposition to 63 MOTION for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) re Plaintiffs' Official Capacity Claims filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 01/03/2015) |
| 01/03/2015 | 70 | | BRIEF in Opposition to 64 MOTION for Summary Judgment re Plaintiffs' Third Claim for Relief filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 01/03/2015) |
| 01/03/2015 | 71 | | BRIEF in Opposition to 65 MOTION for Summary Judgment re Individual Capacity Claims filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 01/03/2015) |
| 01/05/2015 | 72 | | Supplemental Memorandum in Opposition to 63 MOTION for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) re Plaintiffs' Official Capacity Claims, 65 MOTION for Summary Judgment re Individual Capacity Claims, 66 MOTION for Partial Summary Judgment re Damages, 64 MOTION for Summary Judgment re Plaintiffs' Third Claim for Relief filed by Plaintiff Ronald L. Swift. (Attachments: #1 Exhibit 37, #2 Exhibit 38, #3 Exhibit 40, #4 Exhibit 39)(Tondre, Brice) Modified title on 1/6/2015 (alowe). (Entered: 01/05/2015) |
| 01/05/2015 | 73 | | Supplemental Memorandum in Opposition to 61 |

| | | | MOTION for Summary Judgment filed by Plaintiff Ronald L. Swift. (Attachments: # 1 Exhibit 37, # 2 Exhibit 41−1, # 3 Exhibit 41−2, # 4 Exhibit 41−3)(Tondre, Brice) Modified title on 1/6/2015 (alowe). (Entered: 01/05/2015) |
|---|---|---|---|
| 01/06/2015 | 74 | | MOTION to Amend/Correct/Modify 46 Order on Motion for Order, *to Modify Scheduling Order* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 01/06/2015) |
| 01/06/2015 | 75 | | MEMORANDUM regarding 74 MOTION to Amend/Correct/Modify 46 Order on Motion for Order, *to Modify Scheduling Order* filed by Randall J. Hatlee, Ronald L. Swift. Motion referred to Magistrate Judge Michael J. Watanabe. Entered by Judge Raymond P. Moore on 1/6/2015. (Text Only Entry) (rmsec ) (Entered: 01/06/2015) |
| 01/07/2015 | 76 | | MINUTE ORDER granting 74 Plaintiffs' Unopposed Motion to Modify Scheduling Order. Scheduling Order 34 amended. Final Pretrial Conference 1/26/2015 09:30 AM is vacated. Final Pretrial Conference reset for 3/30/2015 09:30 AM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. By Magistrate Judge Michael J. Watanabe on 1/7/2015.(emill) (Entered: 01/07/2015) |
| 01/12/2015 | 77 | | RESPONSE to 66 MOTION for Partial Summary Judgment *re Damages*, 61 MOTION for Summary Judgment *Olds* filed by Plaintiff Ronald L. Swift. (Tondre, Brice) (Entered: 01/12/2015) |
| 01/15/2015 | 78 | | MINUTE ORDER: At the request of counsel, the Final Pretrial Conference 3/30/2015 09:30 AM is vacated. Final Pretrial Conference re−set for 3/31/2015 01:30 PM in Courtroom A 502 before Magistrate Judge Michael J. Watanabe. By Magistrate Judge Michael J. Watanabe on 1/15/2015. (emill) (Entered: 01/15/2015) |
| 01/20/2015 | 79 | | AMENDED ORDER REFERRING CASE to Magistrate Judge Michael J. Watanabe. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including |

| | | | |
|---|---|---|---|
| | | | discovery and other non–dispositive motions, (4) conduct a pretrial conference and enter a pretrial order, and (5) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Entered by Judge Raymond P. Moore on 1/20/2015. (Text Only Entry) (rmsec ) (Entered: 01/20/2015) |
| 01/20/2015 | 80 | | MEMORANDUM regarding 63 MOTION for Judgment on the Pleadings *Pursuant to Fed.R.Civ.P. 12(c) re Plaintiffs' Official Capacity Claims* filed by Cindy Hardey, Monte Gore, Fred Wegener, Bobbi Priestly. Motion referred to Magistrate Judge Michael J. Watanabe Entered by Judge Raymond P. Moore on 1/20/2015. (Text Only Entry) (rmsec ) (Entered: 01/20/2015) |
| 01/20/2015 | 81 | | REPLY to Response to 61 MOTION for Summary Judgment filed by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 01/20/2015) |
| 01/20/2015 | 82 | | REPLY to Response to 61 MOTION for Summary Judgment *Statement of Undisputed Material Facts* filed by Defendant Ashleigh Olds. (Attachments: # 1 Exhibit W, # 2 Exhibit X)(Lebsack, John) (Entered: 01/20/2015) |
| 01/20/2015 | 83 | | MOTION to Clarify *re this Court's Civil Practice Standards or in the Alternative*, MOTION for Leave to by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Proposed Order (PDF Only))(Schimberg, Timothy) (Entered: 01/20/2015) |
| 01/20/2015 | 84 | | REPLY to Response to 66 MOTION for Partial Summary Judgment *re Damages* filed by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Exhibit A – Separate Statement of Undisputed Material Facts)(Schimberg, Timothy) (Entered: 01/20/2015) |
| 01/20/2015 | 85 | | REPLY to Response to 65 MOTION for Summary Judgment *re Individual Capacity Claims* filed by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Exhibit A – Separate Statement of Undisputed Material |

| | | | |
|---|---|---|---|
| | | | Facts)(Schimberg, Timothy) (Entered: 01/20/2015) |
| 01/20/2015 | 86 | | REPLY to Response to 64 MOTION for Summary Judgment *re Plaintiffs' Third Claim for Relief* filed by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Exhibit A – Separate Statement of Undisputed Material Facts)(Schimberg, Timothy) (Entered: 01/20/2015) |
| 01/20/2015 | 87 | | REPLY to Response to 63 MOTION for Judgment on the Pleadings *Pursuant to Fed.R.Civ.P. 12(c) re Plaintiffs' Official Capacity Claims* filed by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Schimberg, Timothy) (Entered: 01/20/2015) |
| 01/21/2015 | 88 | | ORDER granting 83 Motion to Clarify Regarding the Court's Civil Practice Standards or in the Alternative Motion for Leave. Defendants' Motions for Summary Judgment (ECF Nos. 64, 65 and 66) are hereby accepted as filed as of December 15, 2014. By Judge Raymond P. Moore on 1/21/2015.(tscha, ) (Entered: 01/21/2015) |
| 01/22/2015 | 89 | | MINUTE ENTRY for proceedings held before Magistrate Judge Michael J. Watanabe: Settlement Conference held on 1/22/2015. No settlement was reached. (emill) (Entered: 01/23/2015) |
| 01/23/2015 | 90 | | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE Recommending 63 County Defendants' Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) Regarding Plaintiffs' Official Capacity Claims be DENIED, by Magistrate Judge Michael J. Watanabe on 1/23/2015. (emill) (Entered: 01/23/2015) |
| 01/26/2015 | 91 | | MOTION for Hearing/Conference re 62 Statement,, 66 MOTION for Partial Summary Judgment *re Damages*, 61 MOTION for Summary Judgment , 64 MOTION for Summary Judgment *re Plaintiffs' Third Claim for Relief*, 65 MOTION for Summary Judgment *re Individual Capacity Claims* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 01/26/2015) |
| 01/26/2015 | 92 | | MOTION to Supplement *Summary Judgment Record with Respect to Doc. Nos. 61, 64, 65 and 66* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: # 1 Exhibit 42, # 2 Exhibit 43, # 3 Exhibit 44)(Tondre, Brice) (Entered: 01/26/2015) |
| 01/27/2015 | 93 | | ORDER denying 92 Motion to Supplement, without prejudice, for failure to comply with Local Rule 7.1.A (Duty to Confer) with leave to refile after |

| | | | |
|---|---|---|---|
| | | | conferral and advising the Court as to whether the motion is opposed/unopposed. SO ORDERED by Judge Raymond P. Moore on 1/27/2015. (Text Only Entry)(rmsec ) (Entered: 01/27/2015) |
| 01/27/2015 | 94 | | ORDER denying 91 Motion for Hearing/Conference. Upon consideration of the Motion 91 and Court file, the Motion 91 is denied without prejudice. SO ORDERED by Judge Raymond P. Moore on 1/27/2015. (Text Only Entry)(rmsec ) (Entered: 01/27/2015) |
| 01/29/2015 | 95 | | MOTION to Supplement *Summary Judgment Record* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: # 1 Exhibit 42, # 2 Exhibit 43, # 3 Exhibit 44)(Tondre, Brice) (Entered: 01/29/2015) |
| 01/29/2015 | 96 | | MINUTE ORDER: Upon consideration of the Motion 95 , any response to the Motion is due by Thursday, February 5, 2015, and any reply is due by Thursday, February 12, 2015. SO ORDERED by Judge Raymond P. Moore on 1/29/2015. (Text Only Entry) (rmsec ) (Entered: 01/29/2015) |
| 02/05/2015 | 97 | | RESPONSE to 95 MOTION to Supplement *Summary Judgment Record* filed by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 02/05/2015) |
| 02/05/2015 | 98 | | RESPONSE to 95 MOTION to Supplement *Summary Judgment Record* filed by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Schimberg, Timothy) (Entered: 02/05/2015) |
| 02/06/2015 | 99 | | OBJECTION to 90 Report and Recommendations *on County Defendants' Motion for Judgment on the Pleadings* filed by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Schimberg, Timothy) (Entered: 02/06/2015) |
| 02/12/2015 | 100 | | REPLY to Response to 95 MOTION to Supplement *Summary Judgment Record Responses are 97 and [98* filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 02/12/2015) |
| 02/20/2015 | 101 | | Plaintiffs' Reply to Objection of the Park County Defendants 99 to the Report &Recommendation of USMJ 90 by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) Modified on 2/20/2015 to correct text (tscha, ). (Entered: 02/20/2015) |
| 02/27/2015 | 102 | | MOTION for Leave to *File Reply Brief in Support of their Objection to Report and Recommendation 90* RECOMMENDATION OF UNITED STATES |

| | | | |
|---|---|---|---|
| | | | MAGISTRATE JUDGE re 63 MOTION for Judgment on the Pleadings *Pursuant to Fed.R.Civ.P. 12(c) re Plaintiffs' Official Capacity Claims* filed by Cindy Hardey, Monte Gore, Fred Wegener, Bobbi Priestly, 99 Objection to Report and Recommendations by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Proposed Document Park County Defendants' Reply in Support of its Objection to the Magistrate's Report and Recommendation)(Schimberg, Timothy) (Entered: 02/27/2015) |
| 03/27/2015 | 103 | | Proposed Pretrial Order *by All Parties* by Defendant Ashleigh Olds. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Lebsack, John) (Entered: 03/27/2015) |
| 03/31/2015 | 104 | | ORDER Setting Case for Trial by Judge Raymond P. Moore on 3/31/15. A 10–day Jury Trial set is for 2/1/2016 09:00 AM in Courtroom A 601 before Judge Raymond P. Moore. A Trial Preparation Conference is set for 1/6/2016 at 09:00 AM before Judge Raymond P. Moore. (dkals, ) (Entered: 03/31/2015) |
| 03/31/2015 | 105 | | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael J. Watanabe: Final Pretrial Conference held on 3/31/2015. Defendants' Oral Motions granted as set forth on the record. Final Pretrial Order entered. Court Reporter: FTR – E. E. Miller. FTR: Courtroom A502. (emill) (Entered: 03/31/2015) |
| 03/31/2015 | 106 | | FINAL PRETRIAL ORDER Entered by Magistrate Judge Michael J. Watanabe on 3/31/2015. (Attachments: # 1 Plaintiff Witness List, # 2 Defendant Park County Witness List, # 3 Plaintiff Exhibit List, # 4 Defendant Park County Exhibit List) (emill) (Entered: 03/31/2015) |
| 04/14/2015 | 107 | | OBJECTION/Appeal of Magistrate Judge Decision 106 to District Court by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: # 1 Exhibit Exhibit 1)(Tondre, Brice) Modified on 4/14/2015 to add linkage (tscha, ). (Entered: 04/14/2015) |
| 04/28/2015 | 108 | | RESPONSE to 107 Objection/Appeal of Magistrate Judge Decision *to the Order of USMJ Watanabe Striking Failure to Train and Ratification Claims from the Pretrial Order* filed by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Schimberg, Timothy) (Entered: 04/28/2015) |

| | | | |
|---|---|---|---|
| 09/04/2015 | 109 | | Utility Setting/Resetting Deadlines/Hearings: A 10–day Jury Trial is scheduled to commence on 2/1/2016 at 09:00 AM in Courtroom A 601 before Judge Raymond P. Moore pursuant to 104 Order entered on 03/31/2015. Text Only Entry (athom, ) (Entered: 09/04/2015) |
| 09/29/2015 | 110 | 24 | ORDER. 31 Motion to Dismiss Party is GRANTED in part and DENIED in part as moot. 61 and 65 Motions for Summary Judgment are GRANTED. 64 Motion for Summary Judgment is DENIED. 66 Motion for Partial Summary Judgment is GRANTED in part and DENIED in part. 95 Motion to Supplement is DENIED. The 90 Recommendation of the United States Magistrate Judge is APPROVED and ADOPTED. 63 Motion for Judgment on the Pleadings is DENIED. 99 Objections to the Recommendation are OVERRULED. 107 Objection to the Order of USMJ Watanabe is DENIED. 102 Motion for Leave is GRANTED. All as indicated in the attached Order. By Judge Raymond P. Moore on 09/29/2015. (athom, ) (Entered: 09/30/2015) |
| 10/13/2015 | 111 | | Proposed Bill of Costs by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 10/13/2015) |
| 10/14/2015 | 112 | | NOTICE of Entry of Appearance by Andrew R. McLetchie on behalf of Monte Gore, Cindy Hardey, Bobbi Priestly, Fred WegenerAttorney Andrew R. McLetchie added to party Monte Gore(pty:dft), Attorney Andrew R. McLetchie added to party Cindy Hardey(pty:dft), Attorney Andrew R. McLetchie added to party Bobbi Priestly(pty:dft), Attorney Andrew R. McLetchie added to party Fred Wegener(pty:dft) (McLetchie, Andrew) (Entered: 10/14/2015) |
| 10/14/2015 | 113 | | Unopposed MOTION for Extension of Time to *File a Motion for Summary Judgment Regarding Official Capacity Claims* by Defendants Monte Gore, Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Proposed Order (PDF Only))(McLetchie, Andrew) (Entered: 10/14/2015) |
| 10/14/2015 | 114 | | ORDER granting 113 Motion for Extension of Time to File. SO ORDERED by Judge Raymond P. Moore on 10/14/2015. (Text Only Entry)(rmsec ) (Entered: 10/14/2015) |
| 10/15/2015 | 115 | | MOTION for Summary Judgment *of Defendant Sheriff Wegener Regarding the Remaining Official Capacity Claims Pursuant to The Court's September 29, 2015 Order* by Defendant Fred Wegener. |

| | | | |
|---|---|---|---|
| | | | (McLetchie, Andrew) (Entered: 10/15/2015) |
| 10/26/2015 | 116 | | STATEMENT re 111 Proposed Bill of Costs *and Objections to Bill of Costs* by Defendant Ashleigh Olds. (Lebsack, John) (Entered: 10/26/2015) |
| 10/26/2015 | 117 | | RESPONSE to 115 MOTION for Summary Judgment *of Defendant Sheriff Wegener Regarding the Remaining Official Capacity Claims Pursuant to The Court's September 29, 2015 Order* filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: # 1 Index to Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20)(Tondre, Brice) (Entered: 10/26/2015) |
| 10/27/2015 | 118 | | NOTICE of Clerk's Provisional Award of Costs. Costs Taxed in amount of $5,556.44 against Plaintiffs Randall Hatlee and Ronald Swift. This amount will be entered as the clerks award at the conclusion of the case on entry of Final Judgment. (ebutl) (Entered: 10/27/2015) |
| 11/18/2015 | 119 | | ORDER granting 115 Motion for Summary Judgment as to Defendant Sheriff Wegener. it is ORDERED that Defendant Sheriff Wegeners Motion for Summary Judgment Regarding the Remaining Official Capacity Claims Pursuant to the Courts September 29, 2015 Order 115 is GRANTED. The only claims remaining before the Court in this matter are one claim against Officer Hardey in her individual capacity under 42 U.S.C. § 1983 based on alleged Fourth Amendment violations relating to the seizure of certain of Plaintiffs horses and Plaintiffs breach of contract claim, by Judge Raymond P. Moore on 11/18/2015.(cthom, ) (Entered: 11/18/2015) |
| 11/18/2015 | 120 | | ORDER re: Trial Schedule. It is ORDERED that the parties to this case are to file submissions with this Court within seven days from the date of this Order explaining how many days will be needed for trial given the current status of this case. Submissions may be no longer than two pages in length, by Judge Raymond P. Moore on 11/18/2015. (cthom, ) (Entered: 11/18/2015) |
| 11/25/2015 | 121 | | JOINDER re 120 Order, *Joint Submission per Order of November 18, 2015* by Defendants Cindy Hardey, Fred Wegener. (Schimberg, Timothy) (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/25/2015) |
| 12/01/2015 | 122 | | MINUTE ORDER: Pursuant to the filing of the Joint Submission Per Order of November 18, 2015 [Doc. 120] the Court has determined that only 5 days will be needed for trial. Therefore, the jury trial presently set for February 1, 2016 through February 12, 2016 is RESET for February 1, 2016 through February 5, 2016, before Judge Raymond P. Moore in Courtroom A601 on the Sixth Floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. Counsel are reminded that on the first day of trial to a jury, counsel are expected to be present at 8:30 a.m. to go over any final matters before the commencement of trial.SO ORDERED by Judge Raymond P. Moore on 12/1/2015. (Text Only Entry) (rmsec ) (Entered: 12/01/2015) |
| 12/21/2015 | 123 | | Joint MOTION for Extension of Time to *File Jury Instructions* by Defendants Cindy Hardey, Fred Wegener. (Attachments: # 1 Proposed Order (PDF Only))(Schimberg, Timothy) (Entered: 12/21/2015) |
| 12/21/2015 | 124 | | ORDER granting 123 Motion for Extension of Time re: Jury Instructions. The parties shall have through and including Thursday, December 31, 2015, by which to provide jury instructions to the Court, by Judge Raymond P. Moore on 12/21/2015.(cthom, ) (Entered: 12/21/2015) |
| 12/31/2015 | 125 | | First MOTION for Extension of Time to *File a Motion in Limine* by Defendants Cindy Hardey, Bobbi Priestly, Fred Wegener. (Attachments: # 1 Exhibit Exhibit A, # 2 Proposed Order (PDF Only))(Schimberg, Timothy) (Entered: 12/31/2015) |
| 12/31/2015 | 126 | | Proposed Jury Instructions by Defendants Cindy Hardey, Fred Wegener. (Schimberg, Timothy) (Entered: 12/31/2015) |
| 12/31/2015 | 127 | | Proposed Voir Dire by Defendants Cindy Hardey, Fred Wegener. (Schimberg, Timothy) (Entered: 12/31/2015) |
| 12/31/2015 | 128 | | NOTICE *of Filing Jury Instructions, Verdict Form and Witness and Exhibit Lists* by Plaintiffs Randall J. Hatlee, Ronald L. Swift (Attachments: # 1 Jury Instructions–Stock, # 2 Jury Instructions–Case Specific, # 3 Verdict Form, # 4 Witness List, # 5 Exhibit List)(Tondre, Brice) (Entered: 12/31/2015) |
| 12/31/2015 | 129 | | Witness List by Defendants Cindy Hardey, Fred Wegener. (Schimberg, Timothy) (Entered: 12/31/2015) |

| 12/31/2015 | 130 | | Exhibit List by Defendants Cindy Hardey, Fred Wegener. (Schimberg, Timothy) (Entered: 12/31/2015) |
| 01/04/2016 | 131 | | Unopposed MOTION to Vacate *Pre−Trial Conference* by Defendants Cindy Hardey, Fred Wegener. (Attachments: # 1 Proposed Order (PDF Only))(Schimberg, Timothy) (Entered: 01/04/2016) |
| 01/04/2016 | 132 | | ORDER granting 131 Defendant's Unopposed Motion to Vacate the Pre−Trial Conference. The trial preparation conference currently scheduled in this matter for 1/6/2016 is VACATED. The parties are DIRECTED to contact Chambers telephonically on or before 1/8/2016 to reschedule this hearing. The parties are to contact each other to set up a conference call prior to jointly calling Chambers at 303−335−2784. SO ORDERED by Judge Raymond P. Moore on 1/4/2016. Text Only Entry(cpear) (Entered: 01/04/2016) |
| 01/07/2016 | 133 | | RESPONSE to 125 First MOTION for Extension of Time to *File a Motion in Limine* filed by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Attachments: # 1 Exhibit 1)(Tondre, Brice) (Entered: 01/07/2016) |
| 01/08/2016 | 134 | | MINUTE ORDER. Trial Preparation Conference RESET for 1/21/2016 at 01:00 PM in Courtroom A 601 on the sixth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado, before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 1/8/2016. (Text Only Entry) (rmsec ) (Entered: 01/08/2016) |
| 01/12/2016 | 135 | | NOTICE of Entry of Appearance by Joel James Fulton on behalf of Monte Gore, Cindy Hardey, Bobbi Priestly, Fred WegenerAttorney Joel James Fulton added to party Monte Gore(pty:dft), Attorney Joel James Fulton added to party Cindy Hardey(pty:dft), Attorney Joel James Fulton added to party Bobbi Priestly(pty:dft), Attorney Joel James Fulton added to party Fred Wegener(pty:dft) (Fulton, Joel) (Entered: 01/12/2016) |
| 01/15/2016 | 136 | | REPLY to Response to 125 First MOTION for Extension of Time to *File a Motion in Limine* filed by Defendant Cindy Hardey. (Attachments: # 1 Exhibit A)(Schimberg, Timothy) (Entered: 01/15/2016) |
| 01/15/2016 | 137 | | MOTION to Strike *Plaintiff's Expert Witness Dr. Jena Questen* by Defendant Cindy Hardey. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit |

| | | | |
|---|---|---|---|
| | | | Exhibit B, #_3_ Exhibit Exhibit C, #_4_ Exhibit Exhibit D, #_5_ Proposed Order (PDF Only) Proposed Order)(Fulton, Joel) (Entered: 01/15/2016) |
| 01/20/2016 | 138 | | MINUTE ORDER. The Trial Preparation Conference set for 1/21/2016 at 1:00 PM in this matter is hereby VACATED. SO ORDERED by Judge Raymond P. Moore on 1/20/2016. (Text Only Entry) (rmsec ) (Entered: 01/20/2016) |
| 01/21/2016 | 139 | | NOTICE of Settlement by Plaintiffs Randall J. Hatlee, Ronald L. Swift (Tondre, Brice) (Entered: 01/21/2016) |
| 01/21/2016 | 140 | | MINUTE ORDER In light of_139_ Notice of Pending Settlement, Dismissal Paper due by 2/5/2016. Jury trial set before Judge Moore 2/1/2016 through 2/5/2016 is vacated. By Magistrate Judge Michael J. Watanabe on 1/21/2016. (emill) (Entered: 01/21/2016) |
| 02/05/2016 | 141 | | STIPULATION of Dismissal of Party *Cindy Hardey, Bobbi Priestly, Monte Gore, Fred Wegener* by Plaintiffs Randall J. Hatlee, Ronald L. Swift. (Tondre, Brice) (Entered: 02/05/2016) |
| 02/05/2016 | 142 | | Party Bobbi Priestly, Fred Wegener, Monte Gore and Cindy Hardey terminated pursuant to_141_ the notice of dismissal or stipulation to dismiss filed in this case Text Only Entry (cthom, ) (Entered: 02/08/2016) |
| 02/11/2016 | 143 | | ORDER dismissing as moot_125_ Motion for Extension of Time to File and_137_ Motion to Strike. Claims and causes of action asserted against Defendants Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener in their individual and official capacities are dismissed with prejudice. Each party to pay their own costs and fees. The Clerk shall enter judgment in favor of Defendant Ashley Olds pursuant to the_110_ Order entered on 9/29/2015. Entered by Judge Raymond P. Moore on 2/11/2016. (cpear) (Entered: 02/11/2016) |
| 02/11/2016 | 144 | 72 | FINAL JUDGMENT in favor of Defendant Ashleigh Olds and against Plaintiffs, Randall J. Hatlee and Ronald L. Swift. Entered by the Clerk of the Court on 2/11/2016. (cpear) (Entered: 02/11/2016) |
| 02/18/2016 | 145 | | Costs Taxed in amount of $ 5556.44 against Plaintiffs Randall J. Hatlee and Ronald L. Swift (cthom, ) (Entered: 02/18/2016) |
| 02/24/2016 | 146 | 74 | NOTICE OF APPEAL by Plaintiffs Randall J. Hatlee, Ronald L. Swift (Filing fee $ 505, Receipt |

Appellate Case: 16-1065   Document: 01019584919   Date Filed: 03/10/2016   Page: 23

| | | | Number 1082–4845000) (Tondre, Brice) (Entered: 02/24/2016) |
|---|---|---|---|

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT,

　　　　Plaintiffs,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER, and
ASHLEIGH OLDS,

　　　　Defendants.

---

**ORDER**

---

Plaintiffs were prosecuted under Colorado state animal cruelty statutes for the alleged

maltreatment of horses under their care, a jury found them not guilty, and Plaintiffs filed the

present action against the officers who were involved in the investigation resulting in their

prosecution and the veterinarian enlisted to assist those officers.   Before this Court are

veterinarian Ashleigh Olds' ("Dr. Olds") motions to dismiss (ECF No. 31) and for summary

judgment (ECF No. 61).   Also before the Court is Officers Cindy Hardey, Bobbi Priestly, Monte

Gore and Sheriff Fred Wegener's (the "Park County Defendants") motion for judgment on the

pleadings (ECF No. 63), Magistrate Judge Watanabe's recommendation thereon (ECF No. 90),

and three separate motions for summary judgment (ECF Nos. 64, 65, 66).   The Court also has

before it Plaintiffs' motion to supplement the record (ECF No. 95) and Plaintiffs' objection to

Magistrate Judge Watanabe's striking certain portions of the pre-trial order.   (ECF No. 107.)

## I.  LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.    Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569-70 (10th Cir. 1994).   Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one–sided that one party must prevail as a matter of law.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).   Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the non-moving party to move beyond the pleadings and to designate evidence which demonstrates the existence of a genuine dispute of material fact to be resolved at trial.   *See 1-800-Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted).   A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.   *Anderson*, 477 U.S. at 248.   In considering whether summary judgment is appropriate, the facts must be considered in a light most favorable to the non-moving party.   *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted). However, "[t]he mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if

2

the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997) (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)).

If a movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in her complaint, but must respond with specific facts showing a genuine factual issue for trial.   Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact") (citation omitted).

Only admissible evidence may be considered when ruling on a motion for summary judgment.   *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible evidence at trial.   *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted).   "Conclusory and self-serving affidavits are not sufficient." *Id*.   The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence.   Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3).   "[O]n a motion for summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (internal quotation and

citation omitted).   The Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [her]."   *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000). Further, Local Rule 7.1(e) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made."   D.C. Colo. L. Civ. R. 7.1(e).

**B.     Judgment on the Pleadings**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standards as those employed on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).   *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).   Rule 12(c), as with Rule 12(b)(6), requires a complaint to be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.   Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).   As in a motion to dismiss, the Court is bound to "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party."   *Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir. 1999).   Likewise, if inferences must be drawn, the Court must draw them in the non-movant's favor.   *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).     However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . ."   *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556

4

U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (citation omitted.)

### C. Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting his review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the

Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).   In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts as recited below are based on adequate citations to the record which would be admissible at trial.   The facts are recited in a light most favorable to the non-moving parties.

Plaintiffs Swift and Hatlee work together on a property known as Echo Valley Ranch, where Swift also lives.   (ECF No. 62-7, Swift Dep. at 6:11-15, 10:10-11:10; ECF No. 62-8, Hatlee Dep. at 19:2-13.)   In addition to the horses that Plaintiffs themselves own and care for, Plaintiffs sought to provide care and boarding for other horses, to provide riding lessons and to train horses as part of their business.   (ECF No. 62-8, Hatlee Dep. at 18:20 -19:3.)   Swift is also part owner of the Bailey Feed Store and Hatlee does work as a hay broker.   (ECF No. 66-11, Swift Dep. at 49:11-50:25; ECF No. 62-8, Hatlee Dep. at 18:21-22.)   Two of the horses that were in Plaintiffs' care in February, 2012 were Little Feather and her colt, Bear, and these horses were the subject of an animal abuse case pending in Routt County against Hatlee's ex-wife.   (ECF No. 62-8, Hatlee Dep. at 157:9-11, 207:6-18; ECF No. 62-9, Park Cnty. Continuation Sheet at 3.)   In

connection with that pending case, on February 13, 2012, Routt County officer Dawn Smith went to Echo Valley Ranch to conduct a welfare check on those horses.   (*Id.*)

During Officer Smith's visit, accompanied by Officer Del Valle, she learned that Little Feather had died the previous month and observed Bear in "deplorable" condition.   (*Id.*) Officers Smith and Del Valle also observed six other horses in similarly rough condition.   (*Id.*) As a result of this visit, the Routt County officers ordered the seizure of Bear and reported the condition of the other six horses to Officer Priestly of the Park County Sheriff's Office.   (*Id.*; ECF No. 62-1, Olds Dep. at 95:10-19.)   The Routt County police officers coordinated to have Park County police officers seize Bear on their behalf.   (*Id.*)   On February 15, 2012, Dr. Olds' clinic, Aspen Creek Veterinary Hospital, was contacted by Routt County police officers requesting that she take Bear into her possession following his seizure.   (ECF No. 62-1, Olds Dep. at 87:7-91:7.)

The next day, Officer Priestly informed Officer Hardey of the situation at Echo Valley Ranch; Officer Hardey then performed a welfare check on all the horses at Echo Valley Ranch on February 16, 2012.   (ECF No. 62-2, Hardey Dep. at 28:6-19.)   Dr. Olds, and her vet assistant Troy Murdock, also accompanied the officers in order to aid in Bear's seizure on behalf of Routt County.   (ECF No. 62-1, Olds Dep. at 54:9-10; ECF No. 62-2, Hardey Dep. at 29:14-18.)   When Dr. Olds and the others arrived at Echo Valley Ranch, they found Bear extremely thin, covered in urine and manure and unable to rise or stand on his own.   (ECF No. 62-2, Hardey Dep. at 112:20-114:6; ECF No. 62-10, Murdock Dep. at 10:21-11:4.)   Dr. Olds and Officer Hardey also learned at that time that Bear's mother, Little Feather, had died.   (ECF No. 62-9, Park Cnty. Continuation Sheet at 3.)   Dr. Olds and Officer Hardey also observed an emaciated, down, and

sore-covered mare named Maggie.   (ECF No. 62-1, Olds Dep. at 83:21-84:3; ECF No. 62-2,

Hardey Dep. at 30:10-31:10, 116:7-118:8; ECF No. 69-9, Park Cnty. Continuation Sheet at 4-5.)

The mare was covered in severe pressure sores on her face, shoulders and hips and could not rise

into a sitting position.   (*Id.*)   It was reported that Maggie perished the following day.   (ECF No.

62-9, Park Cnty. Continuation Sheet at 10.)   Dr. Olds and Officer Hardey also observed the six

other horses that had been initially reported by Officer Smith: Lena, Chance, Echo, Fiona, River,

and Midnight (the "Six Horses").   The Six Horses were observed by Dr. Olds and Officer Hardey

in dirty pens with empty food bins and empty or frozen-over water buckets, although Plaintiffs

contend that they were in the process of feeding these horses at the time of Dr. Olds' and Officer

Hardey's inspection.   (ECF No. 62-1, Olds Dep. at 110:6 – 10; ECF No. 62-2, Hardey Dep. at

32:9-33:5, 119:13-20, 121:6-122:22; ECF No. 62-9, Park Cnty. Continuation Sheet at 5-6.)   Swift

also stated to Dr. Olds that several other horses at the ranch had already died that winter.   (ECF

No. 62-1, Olds Dep. at 78:20-25.)

　　While Officer Hardey was at Echo Valley Ranch on February 16, 2012, Officer Priestly

spoke to Swift by phone.   (ECF No. 62-3, Priestly Dep. at 45:10-23.)   Swift indicated to Officer

Priestly that the Six Horses and Maggie were under veterinary care.   (*Id.*)   In addition, Hatlee

told Officer Hardey that he and Swift were working with their regular veterinarians at Timberline

Equine Veterinarian Services ("Timberline Equine") and were taking the steps that they were

advised to take in regards to all of the sick horses.   (ECF No. 62-8, Hatlee Dep. at 444:1-4.)

Officer Hardey also spoke on the phone that day with Plaintiffs' regular veterinarian at Timberline

Equine, Dr. Horton.   (ECF No. 62-2, Hardey Dep. at 100:13-101:3, 103:1-25.)   Based on that

conversation, Officer Hardey believed that all of the sick horses that she had observed that day

were then under the care of Timberline Equine.   (*Id.*)   However, it was later discovered that, as of

February 16, 2012, several of the sick horses had not in fact been receiving veterinary treatment

from Timberline Equine.   (ECF No. 62-9, Park Cnty. Continuation Sheet at 7.)

Based on her observations, Dr. Olds suspected that Bear, Maggie, and the Six Horses were

victims of starvation and malnutrition.   (ECF No. 62-6, Olds Aff. at ¶ 18.)   She discussed her

suspicions with Officer Hardey at the scene and suggested that these horses also be seized along

with Bear.   (ECF No. 62-1, Olds Dep. at 45:16-46:10.)

Based on her observations while at Echo Valley Ranch, Officer Hardey made the decision

to issue Plaintiffs a State Notice of Warning (the "Notice of Warning") as to all the horses that

appeared to be underweight.   (ECF No. 62-9, Park Cnty. Continuation Sheet at 7; ECF No. 67-1,

Feb. 16, 2012 Notice of Warning.)   The Notice of Warning stated that Plaintiffs would "have a

month from today to gain HEALTHY weight on the 6 horses" and warned that "Animal Control

will be doing routine visits every two days for the next two to three weeks to monitor 'Maggie'

black Drum Mare, and all 6 horses in question."   (*Id.*)   The Notice of Warning further

admonished that if Plaintiffs failed to rectify the condition of these horses that they would be

charged.   (*Id.*)

Dr. Olds loaded Bear into a trailer and transported him to her clinic.   After returning to her

clinic, Dr. Olds emailed a report to Officer Hardey memorializing her observations.   (ECF No.

62-1, Olds Dep. at 69:10-23; ECF No. 62-16, Feb. 16, 2012 Dr. Olds Email and Report.)   When

Bear arrived at Aspen Creek Veterinary Clinic on February 16, 2012, he could not stand and

needed to be lifted out of the trailer.   (ECF No. 62-19, Murdock Dep. at 22:13-24:23.)   Bear was

fed and placed on an IV and responded quickly to this treatment that consisted largely of basic feed

and water.   (ECF No 62-6, Olds Aff. at ¶ 19.)   He soon was able to stand on his own and

displayed a healthy appetite soon after his arrival at the clinic.   (*Id.*; ECF No. 62-19, Murdock

Dep. at 22:13-24:23.)

     Although the parties dispute how the public became aware of the sickly horses at Echo

Valley Ranch, shortly after February 16, 2012 the Park County Sheriff's Department began

receiving significant numbers of telephone calls and emails about the horses from members of the

public who had been upset by a story that had been broadcast on Channel 7 news regarding the

horses at Echo Valley Ranch.   (ECF No. 68-2, Park Cnty. Continuation Sheet at 10; ECF No.

62-9, Park Cnty. Continuation Sheet at 10.)   Officer Gore became concerned over statements

made by anonymous callers about an attempt to rescue the horses and suggested moving the horses

to an undisclosed location in an effort to diffuse the situation.   (ECF No. 68-2, Park Cnty.

Continuation Sheet at 10.)   On February 19, 2012, Plaintiffs agreed to move the Six Horses to

another location.   (*Id.*)   To that end, a written agreement (the "Protective Custody Agreement")

was drafted by Officer Priestly that was signed by Officer Hardey and both Plaintiffs.   (*Id.*; ECF

No. 62-21, Feb. 19, 2012 Protective Custody Agreement.)   The horses were then transported from

Echo Valley Ranch and placed in the temporary custody of Kirsten LeBeau.   (ECF No. 62-2,

Hardey Dep. at 44:3-10.)

     Officer Hardey continued her investigation even after the horses were moved on February

19, 2012.   Specifically, on February 22, 2012, Officer Hardey spoke to Plaintiffs' veterinarian,

10

Dr. Horton.   (ECF No. 62-9, Park Cnty. Continuation Sheet at 26-28.)   Both Dr. Horton and Dr.

Burton of Timberline Equine had provided veterinary services to Plaintiffs at various points in

time.   Specifically, Timberline Equine had gone to Echo Valley Ranch on February 11 and 13,

2012 to provide veterinary services for Maggie.   (*Id.* at 27.)   Although Timberline Equine had

provided veterinary services for Maggie in the days leading up to her death, the last time

Timberline Equine had previously seen or treated any of the Six Horses was: Fiona – never; Lena –

never; Echo – August 2010; Midnight – September 2010; River – October 2010; Chance – October

2010.   (*See Id.*; ECF No. 62-17, Horton Dep. at 36:2-39:25.)   Timberline Equine had no

veterinarian-client-patient relationship with the Six Horses as of February 16, 2012, although they

were called upon to treat the horses on February 20, 2012 following the Notice of Warning being

issued and after the horses had been placed in protective custody.   (*See* ECF No. 62-17, Horton

Dep. at 77:21-79:2, 40:15-44:6, 101:20-102:7, 149:7-151:23.)   When Dr. Horton observed the

Six Horses on February 20, 2012 after they had been moved from Echo Valley Ranch, she found

the horses to be extremely thin and grossly anemic, which findings were later confirmed through

testing.   (ECF No. 62-17, Horton Dep. at 102:8-104:15, 106:4-107:6.)

Dr. Horton reported to Officer Hardey on February 22, 2012 that "[r]egardless of why the

horses were thin . . . someone should have noticed and at least called and started the investigation

earlier."   (ECF No. 62-9, Park Cnty. Continuation Sheet at 32.)   Dr. Horton stated her belief that

"those horses were let go far too long."   (*Id.* at 33.)   At her deposition in connection with the

present lawsuit, Dr. Horton further stated that the "horses would have benefitted from intensive

attempts to correct their weight loss sooner, either through medical attention or extra feed or at

11

least investigation." (ECF No. 62-17, Horton Dep. at 85:4-7.) Dr. Horton further stated her belief "that the horses had deteriorated past a point where assistance should have been sought" and that they would have "benefitted from veterinary intervention much sooner." (*Id.* at 85:18-20, 112:21-113:11.) Following her conversation with Dr. Horton on February 22, 2012, Officer Hardey made the decision to charge Plaintiffs with animal cruelty and to seize the Six Horses. (ECF No. 62-2, Hardey Dep. at 107:6-108:21, ECF No. 62-9, Park Cnty. Continuation Sheet at 11.)

On February 22, 212, a warrant was issued for the seizure of the Six Horses, which were seized that day by the Park County Sheriff's Department. (ECF No. 66-1, Feb. 22, 2012 Warrant and Affidavit; ECF No. 62-4, Gore Dep. at 21:14-17.) The warrant was supported by an affidavit from Officer Hardey. (*Id.*) Shortly thereafter, Officer Hardey served Plaintiffs with a summons and complaint charging them each with three counts of misdemeanor animal cruelty. (ECF No. 62-24, Feb. 23, 2012 Summons, Feb. 24, 2012 Summons.) The charges in the complaint against Swift and Hatlee only concerned the Six Horses and not Bear or Maggie. (*Id.*) Several months later, the charges were amended by the Park County District Attorney's Office to include a charge of animal cruelty for Plaintiffs' alleged cruelty to Bear prior to Routt County's February 16, 2012 seizure. (ECF No. 62-2, Hardey Dep. at 109:16-110:6.)

On April 10, 2012, at a motions hearing held in connection with the then pending criminal matter against Plaintiffs, Park County Court Judge Brian Green found that there was no probable cause to issue a warrant to seize the Six Horses because they were not in imminent danger as of February 22, 2012. (ECF No. 65-5, Apr. 10, 2012 Motions Hearing at 65:22-66:4.) Judge Green

did find, however, that there was probable cause to believe the horses had been subject to animal cruelty prior to February 22, 2012.   (*Id.*)   At a subsequent hearing on December 3, 2012, Judge Green further found that the affidavit submitted by Officer Hardey in support of the warrant had contained material omissions regarding whether the horses were in imminent danger and therefore suppressed evidence obtained in the course of that seizure.   (ECF No. 68-9, Dec. 3, 2012 Motions Hearing at 175:6-176:7.)   Judge Green reiterated at the December hearing that there was probable cause to believe that Plaintiffs had committed animal cruelty prior to February 22, 2012.   (ECF No. 65-6, Dec. 3, 2012 Motions Hearing at 173:23-174:7.)   Plaintiffs' horses were returned to them on April 11, 2012.

Eventually the charges against Plaintiffs were tried to a jury that found them not guilty. Following their acquittal, Plaintiff's brought the present lawsuit against the named Defendants. In their First Amended Complaint (ECF No. 22) Plaintiffs seek redress against all Defendants under 42 U.S.C. § 1983, alleging that the faulty warrant that allowed the Park County Sherriff's Department to seize the Six Horses was in violation of Plaintiffs' Fourth Amendment rights against unreasonable search and seizure.   Plaintiffs also bring claims against all Defendants for malicious prosecution in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 and also what appears to be a malicious prosecution claim against Dr. Olds under state law.   Finally, Plaintiffs bring a contract claim under the February 19, 2012 Protective Custody Agreement, alleging that it was breached when the Six Horses were improperly seized.

13

### III.     ANALYSIS[1]

#### A.     Dr. Olds' Motion for Summary Judgment

In Dr. Olds' motion for summary judgment, she argues that she was not acting under color of state law at any time and so cannot be held liable under 42 U.S.C. § 1983.   Alternatively, Dr. Olds argues that even if she could be found to have acted under color of state law, she would be entitled to assert qualified immunity.   As to Plaintiffs' malicious prosecution claim, Dr. Olds argues that she is entitled to statutory immunity by virtue of C.R.S. § 12-64-232(4), which precludes liability for reports of suspected animal cruelty made under that statute and attaches a presumption of good faith to those reports.   Even without this statutory immunity, Dr. Olds' alternatively argues that Plaintiffs' malicious prosecution claim fails because they cannot prove a lack of probable cause.   The Court addresses each of these arguments in turn.

##### 1.     Was Dr. Olds acting under color of state law?

"To state a cause of action under 42 U.S.C. § 1983 for an alleged violation of the Fourteenth Amendment and provisions of the Bill of Rights incorporated into the Fourteenth Amendment, the challenged conduct must constitute state action."   *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930-32 (1982); *Pino v.*

---

[1] Plaintiffs have filed a "Motion to Supplement the Record with Respect to Summary Judgment Motions Number 61, 64, 65 and 66."   (ECF No. 95.)   This motion does more than merely seek to supplement the record, but rather asks that Plaintiffs be granted permission to re-brief their responses to each of these motions for summary judgment or, alternatively, to file sur replies to each motion.   The motion attaches additional proposed exhibits that would be submitted in addition to the proposed new responses, but does not include the proposed responses themselves as exhibits to the motion.   The Court notes that Plaintiffs never sought an extension of time in which to file their original responses to the motions for summary judgment and that the responses they did file contain dozens of pages of briefing and dozens of exhibits in support.   Plaintiffs have not provided the Court with an adequate basis upon which to permit them to re-brief responses to four separate motions for summary judgment and their motion is denied.

14

*Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996)).  Stated differently, a claim under § 1983 must

adequately allege deprivation of a constitutional right committed under "color of state law."  *Am.*

*Mfrs. Mut. Inc. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  "[T]he under-color-of-state-law

element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or

wrongful."  *Id.* at 50 (internal quotation marks and citation omitted).  However, the Tenth Circuit

has determined that a "private individual's conduct" may be actionable under § 1983 where that

individual's conduct is "fairly attributable to the state."  *Scott*, 216 F.3d at 906 (quoting *Pino*, 75

F.3d at 1465).  An individual's conduct is fairly attributable to the state when the following

occurs:

> First, the deprivation must be caused by the exercise of some right or privilege
> created by the State or by a rule of conduct imposed by the State or by a person for
> whom the state is responsible.  Second, the private party must have acted together
> with or . . . obtained significant aid from state officials or engaged in conduct
> otherwise chargeable to the State.

*Id.* (quoting *Pino* 75 F.3d at 1465) (alterations in original).

Courts applying the above stated test have admonished that "[a] private individual does not

engage in state action simply by availing herself of a state procedure."  *Id.* (physician's

submission of an affidavit leading to plaintiff's detention not considered "state action": physician

"did 'nothing more than provide information which' [the district attorney] and the county judge

'considered in making their independent judgments'") (citation omitted); *Pino*, 75 F.3d at 1463-65

(private therapist did not exercise "some right or privilege" or act under a "rule of conduct" created

by state law when therapist advised police that plaintiff should be hospitalized, resulting in

plaintiff's hospitalization); *Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir.

15

1987) (complaining to a police officer about an individual's conduct does not constitute state

action simply because the officer arrests that individual following questioning).   Further, "the

mere furnishing of information to police officers who take action thereon does not constitute joint

action under color of state law which renders a private actor liable under § 1983."   *Lee v. Town of*

*Estes Park*, 820 F.2d 1112, 1115 (10th Cir. 1987) (citing *Benavidez v. Gunnell*, 772 F.2d 615, 618

(10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of

state law under § 1983.")).

Here, Dr. Olds provided an oral and written report, as was her obligation under C.R.S. §

12-64-121(1), notifying the Park County Sheriff's Office that she had assessed that animal cruelty

was occurring at Echo Valley Ranch.   As the above cited case law makes clear, notifying the

police that a crime is suspected to be taking place does not constitute action under color of state

law for purposes of § 1983.   *Scott*, 216 F.3d at 906; *Carey*, 823 F.2d at 1404; *Lee* 820 F.2d at

1115; *Benavidez*, 772 F.2d at 618.

In response, Plaintiffs argue that Dr. Olds' report "was not necessary" but was merely a

"publicity stunt" designed to drum up business for Dr. Olds' veterinary clinic.   (ECF No. 67 at 3.)

Plaintiffs also argue that Dr. Olds' report to the Park County Sheriff's Office, as well as her

"demand" to Officer Hardey that the Six Horses be seized on February 16, 2012, was below the

reasonable standard of care for a veterinarian and did not follow the diagnosis protocol of Dr.

Olds' own veterinary clinic.   (ECF No. 67 at 4-5.)   Plaintiffs further argue that Dr. Olds was part

of an alleged "public outcry" that created pressure on the Park County Sheriff's Office to seize the

horses.   Finally, Plaintiffs argue that the alleged "pressure" generated by the "public outcry"

16

eventually caused the Park County Defendants to agree to Dr. Olds' demands that they seize the

horses.   Plaintiffs argue that this forced compliance by the Park County Defendants created a

conspiracy among all these Defendants to violate Plaintiffs' constitutional rights and thus makes

Dr. Olds a state actor.

    As to Plaintiffs' argument that Dr. Olds' report was an unnecessary "publicity stunt," this

argument makes no sense as the oral and written report in question was made directly to the Park

County Sheriff's Office and garnered no publicity in and of itself.   (ECF No. 62-1, Olds Dep., at

69:10-23; ECF No. 62-2, Hardey Dep., at 112:6-11; ECF No. 62-6, Olds Aff., at ¶ 10; ECF No.

62-16, Feb. 16, 2012 Email.)   Dr. Olds sent the February 16, 2012 email at Officer Hardey's

request and in conformity with her obligations under state law, and Plaintiffs have not pointed to

any record evidence that would convert this action into one taken under color of state law.

Plaintiffs argument that Dr. Olds' diagnosis fell below a reasonable standard of care also fails, as it

similarly does nothing to show that Dr. Olds was acting under color of state law.   *See Scott*, 216

F.3d at 907 ("the use of a state procedure does not become state action simply because the person

using the procedure is a licensed professional").   Likewise, Plaintiffs' contention that Dr. Olds

created a "public outcry" would not constitute action under color of state law.   Even assuming

that Plaintiffs' contentions are true that Dr. Olds encouraged other members of the public to speak

out against Plaintiffs, such action would amount to no more than private

conduct—communications by a private citizen to other private citizens—that is not actionable

under § 1983.   *Scott*, 216 F.3d at 906 (citing *Pino*, 75 F.3d at 1465).

    As to Plaintiffs' attempt to establish state action by showing a conspiracy among Dr. Olds

and the Park County Defendants, the Tenth Circuit has required plaintiffs seeking to assert § 1983

claims under a joint-action theory to show that the "private party is a 'willful participant in joint

action with the State or its agents.'"   *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442,

1453 (10th Cir. 1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).   A plaintiff must

"present facts tending to show agreement and concerted action" between the private citizen and

state officials.   *Scott*, 216 F.3d at 907 (citing *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512

(10th Cir. 1983).   By contrast, a joint action claim under § 1983 will not lie where "the record

indicate[s] that the police officers had made an independent decision to make the challenged

arrest."   *Gallagher*, 49 F.3d at 1454; *Carey*, 823 F.2d 1402 (joint action test not met where record

contained no evidence that alleged unconstitutional arrests "resulted from any concerted action,

whether conspiracy, prearranged plan, customary procedure, or policy that . . . allowed a private

party to exercise state power"); *Lee*, 820 F.2d at 1115-17 (Tenth Circuit declined to apply joint

action doctrine "where a private party is simply reporting suspected criminal activity to state

officials who then take whatever action they believe the facts warrant").

 Here, despite Plaintiffs' ardent attestations to the contrary, the record does not contain

sufficient evidence to create a material issue of fact as to whether any of the Park County

Defendants were influenced by Dr. Olds' actions with respect to the decision to apply for a warrant

to seize the Six Horses.   Nor is there sufficient evidence to create a material issue of fact as to

whether the so called "public outcry" had any influence on the decision to prosecute Plaintiffs on

animal cruelty charges.   To the contrary, Officer Hardey initially declined to seize the Six Horses

on February 16, 2012 despite Dr. Olds' requests that the horses be seized.   Although it does

appear that the Park County Sheriff's Office did respond to the public reaction to the condition of

the horses at Echo Valley Ranch, that response was not to seize the horses pursuant to a warrant

but to have the horses placed in protective custody, which was done with the assent of Plaintiffs.

(ECF No. 62-4, Gore Dep., at 9:16-11:14; ECF No. 62-21, Feb. 19, 2012 Agreement.)   It was only

after further investigating the matter and obtaining a separate opinion from Plaintiffs' regular

veterinarian, Dr. Horton of Timberline Equine, that Officer Hardey made the independent decision

to apply for a warrant to have the horses seized.   The record indicates that it was this discussion

with Dr. Horton that led Officer Hardey to the decision to seek a warrant to seize the horses, (ECF

No. 62-2, Hardey Dep. at 107:6 – 108:21, ECF No. 62-9, Park Cnty. Continuation Sheet at 11), not

Dr. Olds' suggestions and not public pressure.   Plaintiffs have not pointed to any evidence that

would tend to show that it was the latter two reasons that lead to the seizure of the Six Horses.

As to the decision to prosecute Plaintiffs under animal cruelty charges, Plaintiffs have

similarly presented no evidence indicating that there was any connection between Dr. Olds'

actions and the decision by District Attorney Thom LeDoux to prosecute Plaintiffs in the criminal

case then pending against them.   Nor have Plaintiffs presented any evidence showing that Dr.

Olds had any contact, direct or otherwise, with the District Attorney's Office.   Instead, an

affidavit submitted by the Park County Defendants in their separate motion for summary judgment

shows that District Attorney LeDoux made the decision to prosecute Plaintiffs based on his own

"independent professional opinion . . . that there was sufficient evidence of animal cruelty/neglect

[and] that there was a reasonable likelihood of conviction."   (ECF No. 65-7, LeDoux Aff., at ¶¶

7-8.)

19

Even if this Court were to accept Plaintiffs' dubious contention that Dr. Olds was responsible for creating a "public outcry" that was directed towards the Park County Sheriff's Office, and that the Park County Defendants reacted to that "public outcry" by seizing the Six Horses and having Plaintiffs prosecuted, this fact pattern still would not trigger liability under the joint action doctrine.   The joint action doctrine requires that the unconstitutional action be founded upon "*agreement* and *concerted action*" between private citizens and state officials. *Scott*, 216 F.3d at 907 (emphasis added).   That concerted action may take the form of a "conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *Carey*, 823 F.2d at 1404.   Here, the record before the Court does not show any overt or implied "agreement [or] concerted action" between Dr. Olds and the Park County Sheriff's Office.   *Scott*, 216 F.3d at 907.   To the contrary, the record indicates, and Plaintiffs themselves assert, that Dr. Olds' request that the Six Horses be seized was initially rejected by the Park County Defendants.   Even assuming that the Park County Defendants ultimately decided to seize the Six Horses based on their perception of public pressure, that would still not constitute "agreement and concerted action" with Dr. Olds – the connection between Dr. Olds' actions, the public reaction to the information disseminated by Dr. Olds, and the Park County Defendants' actions taken in reaction to the public response is simply too attenuated to fit within the joint action doctrine.   *Scott*, 21 F.3d at 907.   Plaintiffs have not pointed to any case law where a court employed this doctrine when presented with facts containing such a tenuous causal chain, nor has this Court located any such case law.

20

And still further, even assuming some amorphous form of joint action between Dr. Olds and the Park County Defendants, that action would nonetheless remain divorced from a conspiracy to wrongly seize property or prosecute Plaintiffs when the undisputed facts are that Dr. Olds held the belief that animal cruelty was occurring.   Plaintiffs challenge to Dr. Olds' position is akin to a malpractice challenge.   Plaintiffs claim that her belief was unreasonable or below the standard of care for a veterinarian.   Assuming the facts supported this contention, it falls short of establishing the conspiracy alleged.

Plaintiffs have failed to create a material issue of fact as to whether Dr. Olds was acting under color of state law and their § 1983 claims against her therefore fail.   Because the Court finds that Dr. Olds was not acting under color of state law, it need not address the issue of whether Dr. Olds could assert qualified immunity.

2.      Is Dr. Olds entitled to statutory immunity with respect to Plaintiffs' state claim for malicious prosecution?

As to the remaining state law claim against Dr. Olds for malicious prosecution, Dr. Olds argues that she would be entitled to statutory immunity pursuant to C.R.S. § 12-64-121(4), which specifies that licensed veterinarians who report suspected animal cruelty are "immune from liability in any civil or criminal action brought against the veterinarian for reporting the incident." The statute further provides that "the good faith of the veterinarian shall be presumed" in any criminal or civil proceeding against the veterinarian for reporting the incident.   *Id.*   In response, without citation to the record or to any documentary evidence, Plaintiffs state that the "facts alleged" are sufficient to rebut the statute's presumption of good faith.   (ECF No. 67 at 10.)

The Court finds Plaintiffs' argument inadequate and dismisses Plaintiffs' state claim of malicious prosecution against Dr. Olds on the grounds that she enjoys statutory immunity.   C.R.S. § 12-64-121(4).   Plaintiffs mere assertion that the "facts alleged" would be sufficient to rebut Dr. Olds' argument provides the Court with absolutely no guidance upon which to reach a principled decision based on either the facts in the record or applicable law.   Further, Dr. Olds' motion is one for summary judgment – to withstand this motion Plaintiffs "must do more than refer to allegations of counsel contained in a brief . . . ."   *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).   "Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."   *Id.* (citing *Celotex*, 477 U.S. at 324).   "Without a specific reference, 'we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury.'"   *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (declining to consider "unsubstantiated allegations" in the absence of specific citations to the record) (quoting *Thomas*, 968 F.2d at 1025).   Indeed, "[j]udges are not like pigs, hunting for truffles buried in briefs."   *Id.* (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).   Plaintiffs have offered neither evidence nor case law in support of their argument and this Court will not do the work for them. [2]

---

[2] Even if the Court were to find that Dr. Olds was not entitled to statutory immunity with respect to certain aspects of Plaintiffs' claims that go beyond the report she issued to the Park County Sheriff's Office, such as Plaintiff's contention that Dr. Olds took steps to create public pressure on the Park County Sheriff's Office, the result would be no different.   Even if this Court were to engage in the analysis of whether these actions outside of the report would constitute malicious prosecution, Plaintiffs' claim still fails on the grounds that Plaintiffs are unable to show that the prosecution occurred without probable cause.   *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007); *Thompson v. Hiwan Ridge Dev. Co., Inc.*, 84 P.3d 496, 503 (Colo. 2004); *Lounder v. Jacobs*, 205 P.2d 236, 238-39 (Colo. 1949).   The District Attorney in charge of

### B.     Dr. Olds' Motion to Dismiss

In her motion to dismiss (ECF No. 31) Dr. Olds points out that the breach of contract claim in Plaintiffs' First Amended Complaint should be dismissed as against her because she was not a party to the Protective Custody Agreement, and Plaintiffs confirm this in their response.   (ECF No. 35 at 18.)   Dr. Olds' motion to dismiss is thus granted in part and the contract claim is dismissed as against her.   In all other respects Dr. Olds' motion to dismiss essentially duplicates the arguments contained in her summary judgment motion, and seeks identical relief.   Thus, the Court denies Dr. Olds' motion to dismiss, in part, as moot as to all other issues.

### C.     Police Officers' Motion for Summary Judgment on Plaintiffs' Contract Claim

The Park County Defendants have filed a separate motion for summary judgment on Plaintiffs' breach of contract claim, arguing that the Protective Custody Agreement entered into between Plaintiffs and the Park County Sherriff's Office on February 19, 2012 lacked consideration.   (ECF No. 64.)   The Protective Custody Agreement essentially outlined the contours of the agreement between Plaintiffs and the Park County Sherriff's Department that Plaintiffs would pay for the Six Horses to be placed in protective custody with a third party,

---

prosecuting Plaintiffs in the criminal case against them has filed an affidavit in this case stating that he believed that there was probable cause to pursue a criminal conviction against Plaintiffs.   (ECF No. 65-7, LeDoux Aff., at ¶¶ 8-11.)   *See Montgomery Ward and Co. v. Pherson*, 272 P.2d 643, 645 (Colo. 1954). Further, the judge overseeing the criminal case against Plaintiffs also made the legal finding that probable cause did exist that Plaintiffs had engaged in the crime of animal cruelty.   (ECF No. 65-5, Apr. 10, 2012 Motions Hearing, at 65:22-66:4).   And on the facts presented, this Court concludes that there is no material dispute as to the existence of probable cause.   (ECF No. Park Cnty. Continuation Sheet at 5-6 (Officer Hardey's observations of the Six Horses in extremely emaciated condition with empty food containers and frozen over water containers), 7 (report from Timberline Equine that the Six Horses were not under their care), 33 (Dr. Horton's report to Officer Hardey that the Six Horses "were let go far too long" and were extremely underweight); *see generally* ECF No. 62-2, Hardey Dep. (stating Officer Hardey's observations of the Six Horses' underweight physical condition.))   As the Colorado Supreme Court has held, "[t]he existence of probable cause is alone sufficient to relieve a defendant of a charge of malicious prosecution." *Montgomery Ward and Co.*, 272 P.2d at 645.   Probable cause clearly existed in this case.

Kristen Lebeau, and that the Park County Sheriff's Office's would not have the horses

"confiscated, seized, or surrendered."   (ECF No. 64-1, February 19, 2012 Protective Custody

Agreement.)   Specifically, the Protective Custody Agreement provides that "Ronald Swift will be

responsible for all cost of care for these horses including feed, and veterinarian care and Park

County is not liable for any costs related to the care of these horses while they are in Protective

Custody."   (*Id.*)   That agreement further states that "[i]f test results . . . indicate starvation was a

factor in mares['] death[,] charges may be filed against horse owners and at risk horses may be

impounded at a later date if no other contributing factors are present other than neglect."   (*Id.*)

The Park County Defendants argue that the Protective Custody Agreement lacks

consideration "because it does not require a return promise from the [Park County Sheriff's

Office], require the [Park County Sheriff's Office] to act, or require a forbearance from the [Park

County Sheriff's Office]."   (ECF No. 64 at 3.)   Plaintiffs respond by reference to the February

16, 2012 Notice of Warning issued by Officer Hardey.   Plaintiffs contend that the Notice of

Warning was a contract that allowed Plaintiffs thirty days to put weight on their horses and, on the

other hand, allowed "Animal Control" the right to enter the property from time to time without a

warrant to inspect the horses.   Plaintiffs argue that the Notice of Warning contract "merged" with

the Protective Custody Agreement, and that the two contracts together provided valuable

consideration to all parties involved.   (ECF No. 70.)

Under Colorado law, the necessity that consideration exist in an enforceable contract is

indeed a legal requirement, yet the doctrine has been greatly limited through decades of case law

developed by the Colorado Supreme Court, which "has long held that any benefit to a promisor or

24

47

any detriment to a promisee at the time of the contract—no matter how slight—constitutes

adequate consideration." *Lucht's Concrete Pumping, Inc. v. Horner*, 255 P.3d 1058, 1061 (Colo.

2011) (en banc) (citing *W. Fed. Sav. & Loan Ass'n of Denver v. Nat'l Homes Corp.*, 167 Colo. 93,

103 (1968)).    The Colorado Supreme Court, which this Court is bound to follow when

interpreting Colorado state law, has determined that a court evaluating a disputed contract "need

only find some consideration, regardless of its relative value" to support the enforceability of that

contract.    *Id.*    That court has determined that "[e]xcept in extreme circumstances, such as those

involving allegations of unconscionability, a court should not judge or attempt to assess the

adequacy of the consideration."    *Id.* (citing *Freudenthal v. Espey*, 45 Colo. 488, 497-500 (1909)).

Consideration may take the form of "some right, interest, profit, or benefit accruing to one party, or

some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other."

*Id.* (quoting *Jones v. Jones*, 1 Colo.App. 28, 32 (Colo. App. 1891)).

As an initial matter, Plaintiffs' contention that the February 16, 2012 Notice of Warning

"merged" with the Protective Custody Agreement is rejected by this Court.    Plaintiffs cite to no

case law in support of this contention, nor do they provide any principled reason—or any reason at

all—as to why the doctrine of merger would apply here.    Nevertheless, the Court finds that

Plaintiffs' contract claim survives the Park County Defendants' motion for summary judgment.

Following the exceedingly broad and inclusive standard established under Colorado Supreme

Court jurisprudence regarding the doctrine of consideration, the Court finds that the contract at

issue here would satisfy this forgiving standard.    The Protective Custody Agreement provides that

the Six Horses "have not been confiscated, seized, or surrendered" by the Park County Sherriff's

Office, but rather have been "placed in Protective Custody only."   (ECF No. 64-1, Feb. 19, 2012

Protective Custody Agreement.)   Whether dubbed a "right, interest, profit, or benefit accruing to"

Plaintiffs or a "forebearance, detriment, loss, or responsibility given, suffered, or undertaken" by

Defendants, this statement is sufficient to identify legally sufficient consideration.   *Lucht's*

*Concrete Pumping*, 255 P.3d at 1061.   The Protective Custody Agreement goes on to specifically

designate Swift as "responsible for all cost of care" for the horses and absolve the Park County

Sherriff's Office from any liability for their care while they are in protective custody.   (ECF No.

64-1, Feb. 19, 2012 Protective Custody Agreement.)   Again, whether construed as an obligation

undertaken by Plaintiffs or a benefit conferred upon the Park County Sherriff's Office, this meting

out of costs would constitute valid consideration under the broad provisions of Colorado law.

*Lucht's Concrete Pumping*, 255 P.3d at 1061.   While this Court need not even assess the

adequacy of consideration in a contract absent "[e]xtreme circumstances, such as those involving

allegations of unconscionability," here it is clear on the face of the Protective Custody Agreement

that sufficient consideration would exist to create an enforceable contract among the parties.   *Id.*

(citing *Freudenthal*, 45 Colo. at 497-500).   The Court thus rejects the Park County Defendants'

argument that the Protective Custody Agreement lacks consideration and denies its motion for

summary judgment on Plaintiffs' contract claim.


**D.     Park County Defendants' Motion for Summary Judgment on Plaintiffs' Individual Capacity Claims**

26

The Park County Defendants have moved for summary judgment on Plaintiffs' two claims brought under 42 U.S.C. §1983 against those Defendants in their individual capacity, arguing that they had no personal involvement in the alleged violations of Plaintiffs' constitutional rights. (ECF No. 65.)   First, Officers Priestly, Gore and Wegener claim they lacked any personal involvement as to Plaintiffs' claim that their Fourth Amendment rights were violated when the Six Horses were wrongfully seized pursuant to the warrant issued on the basis of Officer Hardey's allegedly deficient affidavit.[3]   Second, all of the Park County Defendants claim they lacked any personal involvement as to Plaintiffs' claim that Plaintiffs' Fourth Amendment rights were violated because they were subject to malicious prosecution.   For the reasons explained below, the Court grants the Park County Defendants' motion in full.

A plaintiff must show personal involvement in a constitutional violation as to each defendant against whom a claim is asserted.   *Pahls v. Thomas*, 718 F.3d 1210, 1231-32 (10th Cir. 2013); *Foote v. Spiegel*, 118 F.3d 1416, 1424 (10th Cir. 1997).   Where a plaintiff alleges multiple state actors were individually responsible for the deprivation of his constitutional rights, that plaintiff may not overcome his burden of showing that each defendant violated his constitutional rights by "analyz[ing] defendants' liability as a collective whole" because, as the Tenth Circuit has held, such generalized argument "does not comport with the requirements for imposing personal liability on government officials under § 1983 . . . ."   *Pahls*, 718 F.3d at 1231.   Stated simply, "[l]iability under § 1983 . . . requires personal involvement."   *Id.* (citing *Iqbal*, 556 U.S. at 676). To establish personal involvement, a plaintiff "must establish that *each* defendant caused" that

---

[3]  The Court notes that Officer Hardey does not move for summary judgment as to this claim.   (ECF No. 65 at 2.)

plaintiff's constitutional rights to be violated and this Court "must conduct a differentiated

analysis" as to the particular acts of each individually named defendant.   *Id.*; *see also Foote*, 118

F.3d at 1423-24 ("Individual liability under § 1983 must be based on personal involvement in the

alleged constitutional violation."); *Trujillo v. Williams*, 465 F.3d 1210, 1227-28 (10th Cir. 2006)

(same); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (same).

      1.      <u>Plaintiffs' Fourth Amendment claims regarding the warrant issued to seize the Six</u>
               <u>Horses</u>

Regarding Plaintiffs' Fourth Amendment claim relating to the allegedly unconstitutional

seizure of Plaintiffs' horses, Officers Gore, Priestly and Sheriff Wegener argue that they were not

involved in the drafting of the affidavit, signed by Officer Hardey, that ultimately led to the

warrant that was issued to seize the Six Horses.   In support, these Defendants cite to deposition

testimony from each of them affirming the same.   Specifically, deposition testimony from Officer

Gore states that he did not have any involvement with the drafting of Officer Hardey's affidavit.

(ECF No. 65-2, Gore Dep. at 8:2-5.)   Sherriff Wegener likewise testified at deposition that he had

a general practice of leaving animal control matters in the hands of the officers in the animal

control division, and further that he had no role in the training of Officer Hardey.   (ECF No. 65-3,

Wegener Aff. at 8:5-10, 13:16-21.)   Defendants cite to a redacted transcript of Officer Priestly's

deposition in support of the contention that she had no involvement in the affidavit's creation, yet

the exhibit cited to does not contain testimony supporting this contention.   (*See* ECF No. 65-4,

Priestly Dep.)   However, deposition testimony from Officer Hardey does confirm that Officer

Priestly did not review the affidavit, but was merely aware of its existence.   (ECF No. 68-7,

Hardey Dep. at 15:23-16:4, 66:17-67:24.)

In opposition, Plaintiffs cite primarily to a Park County Sheriff's Office record of a February 21, 2012 teleconference among Officers Priestly and Gore, Sheriff Wegener and Dr. Horton of Timberline Equine.   (ECF No. 68-1, Park Cnty. Continuation Sheet, at 10-12.) Plaintiffs claim that it was this call that was the impetus for seeking a warrant, and that the Court should infer that the allegedly improper warrant must have been designed during this phone call. Alternatively, Plaintiffs argue that it was these Defendants' duty to train Officer Hardey to properly draft affidavits in support of applications for warrants.   Because these Defendants failed to properly train Officer Hardey, so Plaintiffs argue, "the entity is liable."   (ECF No. 71 at 3.) Plaintiffs also argue that the Park County Defendants' alleged breach of the Protective Custody Agreement also resulted in the violation of Plaintiffs' constitutional rights.   (*Id.* at 4.)

As to Plaintiffs' claim that the alleged breach of the Protective Custody Agreement violated Plaintiffs' constitutional rights, this claim fails as Plaintiffs do not provide any then-extant, clearly established constitutional right that would have been violated by the mere breach of that agreement.   *Morris*, 672 F.3d at 1191.

Regarding Plaintiffs' argument that Officer Gore, Officer Priestly and Sheriff Wegener were involved in the creation of Officer Hardey's affidavit by virtue of the fact that they were all on the same February 21, 2012 phone call with Dr. Horton, this evidence is insufficient to create a material issue of fact that would survive summary judgment.   Even viewed in the light most favorable to Plaintiffs and with all reasonable inferences drawn in Plaintiffs' favor, the fact that these Defendants, along with Dr. Horton, were on a phone call together simply cannot lead to the

29

conclusion that these Defendants then orchestrated a plan to have Plaintiffs' horses illegally seized through the use of an improperly drafted affidavit in a warrant application.    Even if the Court were to grant the inference in Plaintiffs' favor that the affidavit was in fact discussed by Gore, Priestly and Wegener, that inference does not prove Plaintiffs' point. The crux of Plaintiffs' claim is that an affidavit was submitted to the court in order to allegedly seize Plaintiffs' property without probable cause.    Even were this Court to grant Plaintiffs the inference that the affidavit was discussed, putting aside the reasonableness of that inference, Plaintiffs would still require the further inference that these Defendants were also aware that the affidavit would be created with material omissions.    While the Court is obligated to grant *reasonable* inferences to Plaintiffs as non-movants, it would be an utterly *unreasonable* inference to find that Officers Gore, Priestly and Sheriff Wegener were aware of the material omissions that Officer Hardey would include in the affidavit and were therefore co-conspirators to an alleged plot to seize Plaintiffs' horses through an improperly secured warrant, and the Court declines to grant Plaintiffs that inference.

Regarding Plaintiffs' argument that supervisor liability based on the failure to train Officer Hardey led to the violation of Plaintiffs' constitutional rights, there are a number of reasons why this response fails.    The most obvious is that the First Amended Complaint contains no allegation or claim of liability based on a failure to supervise or to train.    Instead, it alleges only direct and concerted action by the Defendants.    (*See generally*, ECF No. 22.)    It hardly needs to be said that it is not a proper response to a summary judgment challenge to sidestep the evidentiary deficiency by attempting to create a factual dispute with respect to matters having neither connection nor relevance to the claims alleged.

30

Even if the supervisor liability matter were considered on the merits, Plaintiff's failure-to-train theory of liability would fail.   The Tenth Circuit has made clear that "[j]ust as § 1983's plain language doesn't authorize strict liability, it doesn't authorize *respondeat superior* liability." *Porro v. Barnes*, 624 F.3d 1322, 1327-28 (10th Cir. 2010).   In *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), *cert denied*, 131 S.Ct. 2150 (2011), the Tenth Circuit stated that "§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution."   *Id.* at 1199 (citations and quotations omitted).   The Tenth Circuit further elaborated that, in order to succeed in a § 1983 suit against a defendant-supervisor, a plaintiff must prove the following:

> (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Id.* at 1199-1200 (citing *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)).   As with any other § 1983 claim, "the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights."   *Porro*, 624 F.3d at 1327-28 (citations, quotations and alterations omitted).   "Simply put, there's no special rule of liability for supervisors.   The test for them is the same as the test for everyone else."   *Id.*   Courts within this district have applied the *Dodds* test in the specific context of a claim that the supervisor failed to train his or her subordinate.   *Kemp v. Lawyer*, 846 F.Supp.2d 1170 (D. Colo. 2012) (no failure-to-train § 1983 liability where plaintiff's allegations amounted to mere speculation that police officers under

31

defendant sheriff's supervision habitually engaged in warrantless searches and seizures); *Myers v. Koopman*, No. 09-cv-02802-REB-MEH, 2011 WL 650328 (D. Colo. Feb. 11, 2011).

As an initial matter, Plaintiffs' argument that the "entity is liable" where a failure to train is evident is irrelevant to the consideration of whether any of the Park County Defendants would be liable in their individual capacities.   (ECF No. 71 at 5.)   The distinction between individual capacity claims (i.e. claims against the individual officers) and official capacity claims (i.e. claims against the institution) are not mere formality but rather make clear the principle that liability does not attach to an individual under § 1983 without actual proof that the individual's own conduct caused a violation of the plaintiff's constitutional rights.   Here, Plaintiffs have not pointed to any evidence that would create a material issue of fact as to whether Officers Priestly, Gore or Sheriff Wegener's alleged failure to train amounts to "a deliberate, intentional act . . . to violate the plaintiff's legal rights."   *Porro*, 624 F.3d at 1327-28; *Dodds*, 614 F.3d at 1200.   Plaintiffs have not presented any evidence indicating that any Defendant "promulgated, created, implemented or possessed responsibility for the continued operation of a policy" for the construction of warrant applications or any training related thereto.   *Dodds*, 614 F.3d at 1199.   Indeed, Plaintiffs have failed to establish a material issue of fact as to any element of the *Dodds* test and their claim under § 1983 based on the alleged failure to train Officer Hardey is rejected by the Court.[4]

2.      Plaintiffs' Fourth Amendment claims regarding the Park County Defendants' alleged malicious prosecution

---

[4] In a separate objection, (ECF No. 107), Plaintiffs challenge Magistrate Judge Watanabe striking a sentence from the Pretrial Order (ECF No. 106) containing Plaintiffs' claim that "there was a failure to train Hardey and a ratification of Hardey's conduct."   Because this Court holds that Plaintiffs' failure-to-train claim is not pled, it also overrules this objection.

The Park County Defendants argue that they are entitled to summary judgment on Plaintiffs' § 1983 claim under a malicious prosecution theory because these Defendants were not involved in the decision to prosecute Plaintiffs.   (ECF No. 65 at 7-8.)   In support, the Park County Defendants submit an affidavit of District Attorney LeDoux stating that "[b]ased upon my review of the case file and applicable law, it was my independent professional opinion . . . that there was sufficient evidence of animal cruelty/neglect [and] that there was a reasonable likelihood of conviction."   (ECF No. 65-7, LeDoux Aff. at ¶ 8.)   LeDoux's affidavit goes on to state that, subsequent to the April 10, 2012 court ruling in which the Judge Green ruled that material information had been omitted from Officer Hardey's affidavit, that court's ruling "did not change my opinion that there was sufficient evidence of animal cruelty/neglect and that there was a reasonable likelihood of conviction . . . ."   (*Id.* at ¶ 9.)   The affidavit further states that "[t]he decision to continue prosecution of the case following the April 10, 2012 hearing . . . was not affected in any way by the Park County Sheriff's Office or any of its employees . . . ."   (*Id.* at ¶ 12.)

Plaintiffs do not directly address this argument in their brief filed in opposition to Defendants' motion, but appear to incorporate by reference the opposition papers Plaintiffs filed in response to Defendants' motion for summary judgment regarding damages.   (ECF No. 68.)   In that brief, Plaintiffs paint a colorful picture that District Attorney LeDoux was facing re-election in 2012 and was being opposed by the Park County Sheriff's Office for not prosecuting enough cases and was also being criticized by the public for not responding more forcefully in the prosecution of the criminal case against Plaintiffs.   (*Id.* at 10-11.)   Plaintiffs argue that, as a result of this public

33

scrutiny and political pressure, District Attorney LeDoux succumbed to the demands of the Park County Sheriff's Office and continued his prosecution of Plaintiffs on animal cruelty charges "though he knew he could not win it."   (*Id.* at 11.)

   In their opposing statement of undisputed material facts submitted in response to the Park County Defendants' motion for summary judgment regarding damages, Plaintiffs cite to three documents in support of their contention that "[t]he evidence indicates that the District Attorney took the case to trial for political reasons and because he was pressured to do so."   (ECF No. 72-3 at 2.)   The first document is a copy of an email chain among Dr. Olds and Officer Gore in which Officer Gore reports to Dr. Olds that he and other officers would meet with their "county attorney to analyze a strategy for going forward."   (ECF No. 68-4, Apr. 11, 2012 Emails.)   The second document is a copy of an email chain among Officers Priestly, Gore and other individuals in which Officer Priestly is critical of the judge's ruling at the April 10, 2012 motions hearing that the Six Horses would be returned to Plaintiffs and an unnamed individual responds to that email asserting that "[p]ressure to the court must be applied . . . ."   (ECF No. 68-4, April 11, 2012 Emails.)   The third document is an affidavit signed by Hatlee stating that, at the conclusion of his criminal trial, he overheard District Attorney LeDoux state that this would be the last time that he "would allow himself to be pressured into trying a case he knew he could not win."   (ECF No. 68-8, Hatlee Aff.)

   First, none of these documents lend any support to Plaintiffs' assertion that District Attorney LeDoux was facing political pressure in his attempts to be re-elected, nor do these documents give any indication that the Park County Sheriff's Office was opposed to his re-election.   As to the email chain between Dr. Olds and Officer Gore, Officer Gore's mere

34

statement that he would work with the "county attorney to analyze a strategy for going forward" is a far cry from giving any indication that he would put pressure on District Attorney LeDoux to prosecute a case against his will, and the Court declines to add that artificial gloss to this statement. Likewise, the email chain among Gore and other undisclosed recipients does not give any indication that any Park County Officer Defendant would take any actions seeking to force District Attorney LeDoux's hand regarding the prosecution of Plaintiffs in the criminal matter or even that any Defendant would have the means to do so.   Although one unnamed respondent to Officer Priestly's email states that pressure should be applied to *the court* in that case—*not District Attorney LeDoux*—this anonymous participant's statement does nothing to create a material issue of fact as to the interactions between District Attorney LeDoux and any of the Park County Defendants.   The affidavit created by Hatlee not only fails to prove Plaintiffs' point because it does not indicate *who* District Attorney LeDoux was allegedly being pressured by, but also fails on the separate grounds that it is hearsay evidence that cannot be considered by the Court on a motion for summary judgment.   *Jaramillo,* 427 F.3d at 1314.

At the end, Plaintiffs' argument amounts to mere rhetoric without factual support.   As this is a motion for summary judgment, Plaintiffs may not rest on the allegations contained in their complaint, but must respond with specific facts showing a genuine factual issue for trial.   Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007).   Likewise, to withstand a motion for summary judgment, Plaintiffs "must do more than refer to allegations of counsel contained in a brief . . . ."   *Thomas,* 968 F.2d at 1024.   "Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit

35

incorporated therein." *Id.* (citing *Celotex*, 477 U.S. at 324). Because Plaintiffs have not

presented any record evidence that would create a material issue of fact that would need to be

resolved at trial, and in light of the Park County Defendants' affidavit from District Attorney

LeDoux refuting Plaintiffs' argument, the Court grants the Park County Defendants summary

judgment on the § 1983 claims made against them in their individual capacities.

> **E.     Motion for Judgment on the Pleadings on Plaintiffs' Official**
>
> **Capacity Claims**

The Park County Defendants have moved for judgment on the pleadings pursuant to Fed.

R. Civ. P. 12(c) as to claims brought against Sherriff Wegener in his official capacity. (ECF No.

63.) Magistrate Judge Watanabe entered a Report and Recommendation on January 23, 2015

finding that Defendants' motion should be denied on the grounds that the First Amended

Complaint alleges specific decisions and actions taken by Sherriff Wegener that, because of his

status as a policymaker, would constitute the official policy of the Park County Sheriff's office and

subject it to §1983 liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477-84 (1986);

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1211-12 (10th Cir. 2007);

*Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1285 (10th Cir. 2007).

The Court concludes that Magistrate Judge Watanabe's analysis was thorough and sound,

and that there is no clear error of law or abuse of discretion. The Court therefore adopts the

Recommendation in full and incorporates its contents into this Order.

Defendants filed an objection to the Report and Recommendation (ECF No. 99) arguing

that the Magistrate Judge misapplied the pleading standards for evaluating motions under Fed. R.

Civ. P. 12(c).   Specifically, Defendants contend that Plaintiffs' allegations were conclusory in

nature and, pursuant to *Twombly* and *Iqbal*, should not have been accepted as true by the

magistrate judge in his analysis.   On its *de novo* review of this issue pursuant to Defendants'

properly raised objection, the Court finds that the magistrate judge correctly applied the pleading

standard set forth in *Twombly* and *Iqbal* in analyzing Defendants' motion.

     A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same

standards that apply to motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   *Atlantic Richfield*

*Co.*, 226 F.3d at 1160.   A court ruling on a motion under this Rule is bound to accept the facts

alleged in the complaint as true "even if doubtful in fact," *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007), and "grant all reasonable inferences from the pleadings in favor of the"

non-moving party.   *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park*

*Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).   Only factual allegations are

to be accepted as true; allegations of bare legal conclusions are discarded from the Court's

analysis.   *Kansas Penn Gaming, LLC. v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679.

     As pointed out by the magistrate judge, the First Amended Complaint makes several

allegations that Sheriff Wegener knowingly directed and ordered unlawful conduct, which in turn

resulted in the violation of Plaintiffs' constitutional rights.   Specifically, the First Amended

Complaint contains allegations that Sherriff Wegener was "involved in the investigation and

decisions to seize Plaintiffs' property and prosecute them . . . ."  (ECF No. 22 at ¶6.)   The First

Amended Complaint states that Sherriff Wegener "succumbed to the political pressure" created by

a so-called public outcry "and asked Defendants Priestly and Hardey to arrange for removal of the

six horses" from Echo Valley Ranch.  (*Id.* at ¶19.)   The First Amended Complaint states that

Sherriff Wegener directed Defendant Hardey to seek a "warrant to seize the six horses from

Plaintiffs" which warrant was later found to be improper.  (*Id.* at ¶¶24, 25.)   Finally, the First

Amended Complaint alleges that documents relating to the investigation of Echo Valley Ranch

were provided to a non-profit horse sanctuary for the purpose of a fundraising campaign and the

creation of a documentary, all for the supposed political gain of Sherriff Wegener.  (*Id.*at ¶30.)

    While the evaluation of whether a complaint sufficiently states a claim for relief is a

"context-specific task," *Iqbal*, 556 U.S. at 679, here it is clear that the allegations in the First

Amended Complaint are sufficient to withstand dismissal under Fed. R. Civ. P. 12(c).   The

allegations repeated above are not conclusory as the Park County Defendants would suggest, but

are all the law requires at the pleading stage as a "short and plain statement of the claim showing

that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 663.   "'[D]etailed

factual allegations' are not required . . . but the Rule does call for sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550

U.S. at 555, 570) (first modification in original).   As pointed out by the magistrate judge,

Defendants chose to move for judgment on the pleadings as to Plaintiffs' official capacity claims,

while moving for summary judgment as to all of Plaintiffs' other claims.   As such, the Court is

proscribed from looking beyond the pleadings when ruling on this motion and, further, must

accept all well-pled factual allegations as true.   Because the Court finds that the factual

allegations as pled in the First Amended Complaint are sufficient to state a claim against Sherriff

Wegener in his official capacity, the Park County Defendants' objection is overruled.[5]

The Court observes that the same factual basis upon which Plaintiffs assert their claims

against Sheriff Wegener in his official capacity are the same facts upon which Plaintiffs base their

claims against Sheriff Wegener in his individual capacity.   As described above, Plaintiffs have

not presented sufficient evidence to create a material issue of fact as to whether Sheriff Wegener,

in his individual capacity, personally took any actions that resulted in the violation of Plaintiffs'

constitutional rights.   Because the individual capacity claims are in a different procedural context

than the official capacity claims, the Court notes the seemingly contradictory conclusion that the

same set of facts could result in different outcomes as to claims brought against Sheriff Wegener in

his official capacity versus claims brought against him in his individual capacity.   To resolve this

inconsistency, the Court will allow Sheriff Wegener the opportunity to move for summary

judgment on the official capacity claims asserted against him.   Sheriff Wegener shall have until

15 days from the date of this Order to file his motion and may file a brief of no longer than 10

pages.   Plaintiffs shall have 10 days to respond to this motion and will also be limited to a brief of

no more than 10 pages.   No further briefing will be allowed on this issue.

---

[5] Defendants have also filed a motion for leave to file a reply brief in support of their objection to the Report
and Recommendation and have attached their reply brief to that motion.   (ECF Nos. 102, 102-1.)   The
Court grants Defendants' motion and will consider the attached motion as properly filed, although this does
not change the result reached by the Court.   Defendants' reply brief argues that Plaintiffs briefing discusses
matters that go well beyond the pleadings and should not be considered by this Court in ruling upon
Defendants' motion.   However, as stated, the Court finds that Plaintiffs' pleadings alone are sufficient to
withstand Defendants' motion, and it need not look at the matters outside the pleadings asserted by
Plaintiffs.

F.      The Park County Defendants' Motion for Summary Judgment

Regarding Damages

The Park County Defendants have moved for summary judgment as to several aspects of Plaintiffs' claims for damages.   These Defendants contend that much of Plaintiffs' alleged damages were not caused by the alleged violations of their constitutional rights by the Defendants. These Defendants further argue that the vast majority of Plaintiffs' claimed damages, in the form of lost profits, fail as a matter of law as being too speculative.   These Defendants also argue that Plaintiffs' claims for damages stemming from their emotional distress are not supported by evidence and therefore fail as a matter of law.   Finally, these Defendants argue that Plaintiffs have not set forth any facts showing that Defendants acted with the "evil motive or intent" or "reckless or callous indifferen[ce] to the federally protected rights of others" required to recover punitive damages.  *Smith v. Wade*, 461 U.S. 30, 56 (1983).

"Damages are available for violations of § 1983 'to compensate persons for injuries caused by the deprivation of constitutional rights.'"   *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205, 1214 (10th Cir. 1999) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)).   However, that damages award "must be based on actual injuries . . . ."   *Id.* (citing *Carey*, 435 U.S. at 264). "[T]he abstract value of a constitutional right may not form the basis for § 1983 damages." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986).   Likewise, "[t]he deprivation of constitutional rights, standing alone, does not entitle a plaintiff to general damages." *Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.*, 739 F.2d 1472, 1480-81 (10th Cir. 1984).

40

1.    <u>Damages caused by the Park County Defendants' alleged violation of Plaintiffs'</u>
      <u>constitutional rights</u>

As to the Park County Defendants' contention that there is no causal connection between

Plaintiffs' damages and Defendants' claimed constitutional violations, this argument ultimately

amounts to a dispute over the legitimacy of Plaintiffs' alleged damages and their factual merit.

For example, the Park County Defendants argue that no factual support was offered by Plaintiffs

for their claimed damages relating to the loss in value in the Bailey Feed Store; damages relating to

Plaintiffs' loss of boarders due to negative publicity; damages relating to boarders lost due to the

absence of positive advertising; damages from a loss of foals due to negative publicity; and

damages from a loss of value in two horses from an inability to schedule showings or trainings.

(ECF No. 66 at 7.)    However, the "amount of damages is a finding of fact" as to these issues, not

law, and the Court is not inclined to resolve the extent of the damages resulting from these claimed

losses at the summary judgment stage given the current procedural posture of this case.    *Lippoldt*

*v. Cole*, 468 F.3d 1204, 1220 (10th Cir. 2006) (quoting *Deasy v. United States*, 99 F.3d 354, 359

(10th Cir. 1996); *Dill v. City of Edmund*, 155 F.3d 1193, 1208-09 (10th Cir. 1998)).    This is

particularly the case here, where the Park County Defendants' arguments amount to a mere factual

dispute that cannot be resolved as a matter of law.

The Park County Defendants also argue that Plaintiffs' alleged damages relating to their

malicious prosecution claims must be calculated separately from the alleged damages relating to

the seizure of the Six Horses pursuant to the allegedly defective warrant.    It is true that damages

on a § 1983 claim may only be recovered for those damages actually caused by the deprivation of

the plaintiff's constitutional rights.   *Makin*, 183 F.3d at 1214.   Nonetheless, on the state of the record now before the Court, the damages issue is too muddled to permit summary judgment to enter.   Summary judgment has been granted with respect to all malicious prosecution claims against the Park County Defendants in their individual capacities and against Dr. Olds.   While this claim is still pending against Sheriff Wegener in his official capacity, as described above, Sheriff Wegener will have the additional opportunity to move for summary judgment as to the official capacity claims asserted against him.   In any event, what damages flow solely from either Plaintiffs' malicious prosecution claim, animal seizure claim, or breach of contract claim is difficult to discern from the pleadings or record evidence.   Accordingly, the propriety of damages flowing from the surviving claims will be left for development at trial or future motions.

    2.   <u>Damages from Plaintiffs' alleged lost profits</u>

The Park County Defendants argue that Plaintiffs' damages claims relating to lost profits fail on the grounds that they are too speculative.   In support, Defendants rely on an order from a Norther District of Illinois court granting a motion *in limine* to exclude evidence of damages with respect to claims that the court found to be too speculative.   *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554 (N.D. Ill. 2008).   This case is inapplicable as it does not rule as a matter of law that certain damages are not ascertainable, but rather concluded as an evidentiary matter that certain damages claims were too remote for evidence in support of those claims to be presented to a jury.   Notably, the court's ruling in that order did not cap the plaintiff's potential recovery as a matter of law, as the Park County Defendants seek to have this Court do in the instant motion.

Here, the Park County Defendants have pointed out that they received interrogatory

42

responses indicating Plaintiffs' "opinions of economic losses" and which set out an estimated

value for each independent loss Plaintiffs claimed to have suffered.   (ECF No. 66-8, Plaintiffs'

Interrogatory Responses at 2-3.)   These estimates are sufficient at this stage in the proceeding to

set forth a material issue of fact that would survive summary judgment.   The "amount of damages

is a finding of fact" that Plaintiffs will have the opportunity to prove by presenting competent

evidence at trial.   *Lippoldt v. Cole*, 468 F.3d at 1220; *Deasy*, 99 F.3d at 359; *Dill*, 155 F.3d at

1208-09.

> 3.     Damages from Plaintiffs' alleged emotional distress

The Park County Defendants next argue that Plaintiffs damages stemming from emotional

distress fail because they are not corroborated by supporting evidence.   Damages under § 1983

may be awarded for mental and emotional distress.   *Carey*, 435 U.S. at 263-64.   "Such damages

'will not be presumed, but they are easily proved by testimony showing the nature and

circumstances of the wrong and its effect on the plaintiff.'"   *Jolivet v. Deland*, 966 F.2d 573, 577

(10th Cir. 1992) (quoting *Maldonado Santiago v. Velazquez Garcia*, 821 F.2d 822, 829 (1st Cir.

1987)).

Plaintiffs cite to *Dill v. City of Edmond*, 155 F.3d 193 (10th Cir. 1998), and *Koopman v.

Water District No. 1 of Johnson Cnty, Can.*, 41 F.3d 1417 (10th Cir. 1994), for the proposition that

Plaintiffs' claims for non-economic damages can be denied as a matter of law for failure to present

any evidence in support thereof.   However, both cases involved the Tenth Circuit's review of

decisions made by district courts following trial.   Specifically, *Dill* concerned the propriety of

damages awarded to the plaintiff following a bench trial.   In *Koopman*, the Tenth Circuit found

43

that the trial court did not err in refusing to give an instruction to the jury permitting them to award

damages for emotional distress because plaintiff, and no one else, testified to his emotional

condition.   In both cases, the result reached depended on the facts submitted and testimony

received at trial.   Here, Plaintiffs have submitted sufficient evidence to create a material issue of

fact as to whether they suffered damages in the form of emotional harm.   They will be afforded

the opportunity to prove these damages by presenting competent evidence at trial.   *Lippoldt*, 468

F.3d at 1220; *Deasy*, 99 F.3d at 359; *Dill*, 155 F.3d at 1208-09.

      4.    <u>Plaintiffs' claim for punitive damages</u>

      The Park County Defendants argue that no evidence has been put forward by Plaintiffs to

show that any Defendant's conduct was undertaken with the evil motive or reckless indifference to

Plaintiffs' constitutional rights as would be required to award punitive damages in a § 1983 case.

As discussed above, the Court has found that none of the Park County Defendants would be liable

in their individual capacities under § 1983 under a theory of malicious prosecution relating to

Plaintiffs' prosecution on animal cruelty charges.   Further, as described above, the Court has

found that none of the Park County Defendants—with the exception of Officer Hardey—would be

liable in their individual capacities under § 1983 relating to the seizure of the Six Horses.

Although the § 1983 claims against Sheriff Wegener in his official capacity have not been

dismissed by the Court, these claims are essentially against the municipality which is "immune

from punitive damages under 42 U.S.C. § 1983."   *Miller v. City of Mission, Kan.*, 705 F.2d 368,

377 (10th Cir. 1983) (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

To the extent Plaintiffs seek punitive damages relating to their claims against Sheriff Wegener in

44

his official capacity, those damages are not permissible and the Park County Defendants' motion

for summary judgment is granted as to those damages.

Thus, the only claim upon which Plaintiffs could seek punitive damages at this point is the

§ 1983 claim brought against Officer Hardey in her individual capacity for her actions applying for

a warrant to seize the Six Horses using an affidavit that was later found to contain material

omissions.

Under federal law in a § 1983 action, a finding of punitive damages requires the

defendant's conduct to be "motivated by evil motive or intent" or of a type that "involves reckless

or callous indifferen[ce] to the federally protected rights of others."   *Smith*, 461 U.S. at 56;

*Carlson v. Green*, 446 U.S. 14, 22 (1980).   "The focus must be on whether the defendant's actions

call for 'deterrence and punishment over and above that provided by compensatory awards.'"

*Jolivet*, 966 F.2d at 577 (quoting *Smith*, 462 U.S. at 54).   "The fact that a defendant's actions were

objectively unconstitutional is not considered when determining whether to award punitive

damages."   *Id.*   "[A]n award of punitive damages requires an assessment of [the defendant's]

*subjective* state of mind."   *Id.* (quoting *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir.

1989)) (modifications and emphasis in original).

The Court finds that the evidence of record before it is sufficient to create a material issue

of fact as to whether Officer Hardey acted with the requisite state of mind necessary to award

punitive damages to Plaintiffs.   When asked at her deposition if she "believe[d] the horses were

endangered if left on the premises of Echo Valley" after she observed their condition on February

19, 2012, Officer Hardey responded that she did not hold that belief.   (ECF No. 68-7, Hardey

Dep. at 41:21-23.)   Indeed, Officer Hardey endorsed the Protective Custody Agreement that gave

Plaintiffs thirty days to put weight on their horses by Plaintiffs' own efforts and further specified

that they were not being seized at that time.   (ECF No. 62-21, Protective Custody Agreement.)

These pieces of evidence could lead to the conclusion that Officer Hardey applied for a warrant to

have the Six Horses seized despite her belief that they were not in immediate danger as of the time

the affidavit was submitted to the court.   At this point in the proceedings, there is enough evidence

in the record to prevent the Court from finding as a matter of law that punitive damages could not

be awarded as against Officer Hardey.   The Park County Defendants' motion for summary

judgment must therefore be denied as to whether punitive damages may be sought by Plaintiffs

against Officer Hardey.

> 5.    <u>Further damages development</u>

Notwithstanding the determination above, the Court notes that the propriety of certain

damage may be revisited by the parties in the context of motions *in limine* focused more directly

on damages flowing from the claims which survive this Order.

## IV.    CONCLUSION

Based on the foregoing, it is ORDERED that:

1.  Defendant Olds' Motion to Dismiss Claims against Her in Amended Complaint (ECF No.

31) is GRANTED in part, DENIED in part as moot, to wit, Plaintiffs' breach of contract claim is

DISMISSED as against Dr. Olds;

2.  Defendant Olds' Motion for Summary Judgement (ECF No. 61) is GRANTED;

3.  The Recommendation of the United States Magistrate Judge (ECF No. 90) is APPROVED

and ADOPTED;

4.  Defendants Wegener, Gore, Priestly and Hardey's objections to the Recommendation (ECF No. 99) are OVERRULED;

5.  Defendants Wegener, Gore, Priestly and Hardey's Motion for Judgment on The Pleadings Pursuant to Fed. R. Civ. P. 12(c) Regarding Plaintiffs' Official Capacity Claims (ECF No. 63) is DENIED;

6.  Defendants Wegener, Gore, Priestly and Hardey's Motion for Summary Judgment Regarding Plaintiffs' Third Claim for Relief (ECF NO. 64) is DENIED;

7. Defendants Wegener, Gore, Priestly and Hardey's Motion for Summary Judgment Re: Individual Capacity Claims (ECF No. 65) is GRANTED;

8.  Defendants Wegener, Gore, Priestly and Hardey's Motion for Partial Summary Judgment Regarding Damages (ECF No. 66) is GRANTED in part, DENIED in part, to wit, summary judgment is GRANTED with respect to Plaintiffs' claim for punitive damages against Sheriff Wegener and otherwise DENIED;

9.  Plaintiffs' Motion to Supplement the Record with Respect to Summary Judgment Motions Number 61, 64, 65 and 66 (ECF No. 95) is DENIED;

10. Plaintiffs' Objection to the Order of USMJ Watanabe Striking Failure to Train and Ratification Claims from the Final Pretrial Order (ECF No. 107) is DENIED; and

11. Defendants Wegener, Gore, Priestly and Hardey's Motion for Leave to File Reply Brief in Support of their Objection to Report and Recommendation (ECF No. 102) is GRANTED.

The only claims remaining before the Court are claims against Sheriff Wegener in his official

47

capacity under 42 U.S.C. § 1983 based on alleged Fourth Amendment violations relating to (i) the

seizure of the Six Horses and (ii) malicious prosecution; one claim against Officer Hardey in her

individual capacity under 42 U.S.C. § 1983 based on alleged Fourth Amendment violations

relating to the seizure of the Six Horses; and Plaintiffs' breach of contract claim against the Park

County Defendants.   Sheriff Wegener shall have until 15 days from the date of this Order to file a

motion for summary judgment regarding the official capacity claims asserted against him and may

file a brief of no longer than 10 pages.   Plaintiffs shall have 10 days to respond to this motion and

will also be limited to a brief of no more than 10 pages.   No further briefing will be allowed on

this issue.

DATED this 29th day of September, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

48

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT,

      Plaintiff,

v.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE,
FRED WEGENER, and
ASHLEIGH OLDS,

      Defendants.

---

## FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Orders of Judge Raymond P. Moore entered on September 29, 2015 [Doc. 110] and February 11, 2016 [Doc. 143], it is

ORDERED that the claims and causes of action asserted by Plaintiffs against Defendants Cindy Hardey, Bobbi Priestly, Monte Gore, and Fred Wegener in their individual and official capacities are in all respects DISMISSED with prejudice. Each party shall pay their own costs and fees with respect to these Defendants and the claims asserted against these Defendants.  It is

FURTHER ORDERED that judgment is entered in favor of Defendant Ashley Olds and against Plaintiffs, Randall J. Hatlee and Ronald L. Swift, pursuant to the

Court's Order [Doc. 110] entered on September 29, 2015.  It is

Dated at Denver, Colorado this 11th day of February, 2016.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK


By:  s/   C. Pearson _____

C. Pearson
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-02469-RM-MJW

RANDALL J. HATLEE and
RONALD L. SWIFT

Plaintiffs,
vs.

CINDY HARDEY,
BOBBI PRIESTLY,
MONTE GORE
FRED WEGENER and
ASHLEIGH OLDS,

Defendants.

_____

**NOTICE OF APPEAL**
_____

Notice is hereby given that Randall J. Hatlee and Ronald L. Swift, the Plaintiffs in the

above named case, hereby appeal to the United States Court of Appeals for the Tenth Circuit

from the final judgment entered in this action on the 11th day of February, 2016, entered in favor

of Defendant Ashleigh Olds and against Randal J. Hatlee and Ronald L. Swift, pursuant to the

Court's Order [Doc. 110] entered on September 29, 2015.

1

/s/Brice A.  Tondre
Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado  80226
Telephone:  303-296-3300
Facsimile: 303-296-3390
briceatondrepc@msn.com
ATTORNEY FOR PLAINTIFFS


CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of February, 2016 a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of filing to the following.

Timothy P. Schimberg
t_schimberg@fsf-law.com

John Lebsack
jlebsack@wsteele.com


/s/ Brice A. Tondre

_____

2