UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

Case No. 16-1065

RANDALL J. HATLEE and RONALD L. SWIFT

Plaintiffs-Appellants,

vs.

ASHLEIGH OLDS,

Defendant-Appellant.

_____

On Appeal From the United States District Court
For the District of Colorado
The Honorable Raymond C. Moore, District Judge
D.C. No. 13-cv-02469-RM-MJW

_____

APPELLANTS' REPLY BRIEF

_____

Brice A. Tondre
215 S. Wadsworth Blvd. #500
Lakewood, CO 80226-1566
303-296-3300

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is desired and requested

1

TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………..3

SUMMARY OF REPLY……………………………………………………4

THERE IS CLEAR AUTHORITY WHICH SUPPORTS THE
CONCLUSION THAT DR. OLDS WAS A STATE ACTOR……………...6

SEIZURE OF THE SUBJECT HORSES WAS NOT AN
INDEPENDENT DECISION OF THE PARK COUNTY
SHERIFF'S OFFICE……………………………………………………6

DR. OLDS' ADVOCACY OF SEIZURE IS NOT PROTECTED
BY C.R.S.§12-64-121(4)…………………………………………………..7

THE DETRIMENT OF THE SEIZURE…………………………………..7

CERTIFICATES OF COMPLIANCE AND DIGITAL SUBMISSION……10

CERTIFICATE OF SERVICE……………………………………………11

TABLE OF AUTHORITIES

CASES:

Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, (10th Cir. 1995)….6

Wagenmann v. Adams, 829 F.2d 196 (1st Cir 1987)………………………….6

Wittner v. Banner Health, 720 F.3d 770 (10th Cir. 2013)…………………..6

STATUTES:

C.R.S. §12-64-121(4)……………………………………………………………7

C.R.S. §18-9-202(1.8)……………………………………………………………4

## SUMMARY OF REPLY

Dr. Olds argues that her only material involvement in the animal cruelty case was on February 15, 2012 when she was asked to transport Bear to her clinic and on February 16, 2012, when she went to the ranch and picked up Bear. During her time on the ranch she proclaimed that she suspected that the subject horses were the victims of *starvation and malnutrition* and urged Deputy Hardey to seize them. Deputy Hardey, after consultation with a Department of Agriculture veterinarian  and its chief investigator and a private veterinarian, issued a warning notice giving Hatlee and Swift one month to rectify the condition of the horses. Knowing that the decision had been made by the Department of Agriculture not to seize the subject horses, when Dr. Olds returned to her clinic she sent an e-mail to Deputy Hardey again advocating seizure of the subject horses. (Ans. Brf. pp. 17-23; Aplt. App. pp 121-123).

Deputy Hardey and Sgt. Priestly both steadfastly believed that the subject horses were not endangered by allowing them to remain in the care of  Hatlee and Swift. (Aplt. App. at pp. 106-117; 164-166; 250 depo. p. 41; 317-324 ) Consequently, the horses could not be seized. C.R.S. §18-9-202(1.8). Failure to disclose to the judge who issued the seizure warrant the fact that the horses were

not endangered and therefore seizure was not permitted was the chief reason that the trial judge found the warrant to have been issued without probable cause, in violation of law and in bad faith.

The fact that Deputy Hardey obtained a warrant which violated the law coupled with the thankfulness of Dr. Olds that the public outrage campaign had been successful constitutes circumstantial evidence that the decision to obtain a warrant to seize the subject horses was not the independent decision of the Park County Sheriff's Office. It was acquiescence I the demands of the public outcry instigated by Dr. Olds.

Dr. Olds' duty as a veterinarian ended with a report of suspected animal cruelty. It did not include advocating seizure of the subject horses and prosecution of Hatlee and Swift. That was a matter for law enforcement officers. Dr. Olds was dissatisfied with the disinclination of law enforcement officers to seize the subject horses and prosecute Hatlee and Swift. In order to change their disinclination she instigated a publicity campaign which, post seizure, she proclaimed as the probable cause of the seizure.

This presents the question whether the pressure which Dr. Olds instigated makes her a state actor immunity does not protect her from liability for her role in causing seizure of the subject horses.

The circumstantial evidence can support a conclusion by a jury that obtaining of a warrant to seize the subject horses was not an independent decision of the Park County Sheriff's Office

### THERE IS CLEAR AUTHORITY THAT DR. OLDS WAS A STATE ACTOR

Interestingly, Dr. Olds and the District Court analyze numerous theories under which a private party can be considered a state actor, all of which are inapplicable. Both failed to discuss the applicable authorities which were presented by Hatlee and Swift.

The Tenth Circuit has adopted the Joint Action Test which transforms a private actor into a state actor if the state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453-1457 (10th Cir. 1995); *Wittner v. Banner Health*, 720 F.3d 770, 777 (10th Cir. 2013).

In *Gallagher* at 1454 the Tenth Circuit notes that a conspiracy is established thus  rendering a private citizen a state actor if the private citizen exercises influence over an investigation in order to cause the unlawful arrest of a person whom the private wants out of the way, citing *Wagenmann v. Adams*, 829 F.2d 196, 209-211  (1st Cir. 1987). That is what happened here.

### SEIZURE OF THE SUBJECT HORSES WAS NOT AN

## INDEPENDENT DECISION OF THE PARK COUNTY
## SHERIFF'S OFFICE

Dr. Olds argues that she cannot be a joint actor because the decision to obtain seizure warrants an independent decision of the Park County Sheriff's Office. To the contrary, this is a question of fact.

Dr. Olds repeatedly and continuously demanded seizure of the subject horses. Her e-mail of February 24, 2012, thanks those who helped with the publicity campaign. This communication leaves no doubt but that the campaign was instigated by Dr. Olds.

## DR. OLDS' ADVOCACY OF SEIZURE IS NOT PROTECTED
## BY C.R.S. §12-64-121(4)

C.R.S. §12-64-121(4) grants immunity from liability for one "who in good faith reports a suspected incident of animal cruelty". Hence, the immunity only applies to reports of animal cruelty on February 16, 2012. It does not apply to her conduct designed to coerce the Park County Sheriff's Department to seize the subject horses.

## THE DETRIMENT OF THE SEIZURE

The Fourth Claim for Relief (Aplt. App. pp. 34-35) alleges a claim for both wrongful seizure of the subject horses and malicious prosecution. The latter is an outgrowth of the former.

7

Hatlee and Swift were given one month to show that the condition of the subject horses was ingestion of a toxic plant not neglect. After just three days the horses were moved into protective custody to protect them from the vocal activists who were making threats of violence. This only worsened the outcry. Typical is the February 21, 2012 e-mail from Shelly Ferraro (Aplt. App. at 146) wherein she states:

> …Why don't you people do yourself a favor instead of continuing to shoot yourself in the foot. The community wants to know that the precious horses are getting intense care in a medical hospital. They want to know that the horses are getting iv's and are being rehydrated and given electrolytes, water and food. Why do you continue to refuse to help the community in knowing that these little horses are safe and truly in competent care. It's pretty simple, get over your power trip and settle this horrific situation down, or your just going to continue to get jammed by the public, this isn't going away anytime soon….if you don't know already this is all over the country and people are watching and ready to take more action.

On February 22, 2012, Undersheriff Gore was arranging for Dr. Olds to take custody upon seizure and Deputy Hardey was in the process of applying for a warrant to seize the subject horses which she obtained that evening executed the next day. (Aplt. App. at 158-158 and 405).

Thus, after just seven days the right of Hatlee and Swift to one month to prove their innocence was taken away to silence the outcry instigated by Dr. Olds. The seizure took away the opportunity to avoid prosecution. Had they been given the full month they could have demonstrated, as they did in trial, that they were not

8

guilty of animal cruelty. Hence, Dr. Olds caused a prosecution which would not have occurred if she had not been successful in causing seizure of the subject horses.

/s/ Brice A. Tondre
_____
Brice A. Tondre
215 S. Wadsworth Blvd. #500
Lakewood, CO 80226
303-396-3300

CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 32(a)(5) because there are only 1527 words and the type size is 14.


/s/Brice A. Tondre
_____
Brice A. Tondre

CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that a copy of the foregoing Appellants' Reply Brief as submitted in Digital Form is an exact copy of the written document filed with the clerk, that all required privacy redactions have been made and it has been scanned for viruses by McAfee's most recent virus screening program updated July 8, 2016.


/s/ Brice A. Tondre
_____
Brice A. Tondre

CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of July, 2016, I electronically filed a true and  correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

John Lebsack
jlebsack@wsteele.com

Adam J. Goldstein
agoldstein@wsteele.com

/s/ Brice A. Tondre
_____
Brice A. Tondre